SMITH et al,
*Appellants,*
*v.*
REEVES,
*Defendant,*
TOPITS,
*Respondent.*

(No. 81-1090, CA A22297)

645 P2d 575

Micky Ryan, Oregon Legal Services Corporation, Coos Bay, argued the cause for appellants. With her on the brief was John B. Trew, Oregon Legal Services Corporation, Coos Bay.

Cameron C. Thom, and McInturff, Thom & Day, filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This is an appeal from the circuit court's affirmance, on writ of review, of the district court's denial of injunctive relief sought by plaintiffs Smith, who were locked out of their apartment by defendant Topits, their landlord. We affirm on the basis of the procedural posture of this litigation and do not reach the substantive issue of the legality of the lockout.

Plaintiffs rented an apartment unit from defendant Topits and in April, 1981, were two months behind in their rent payments. Defendant gave them twenty-four hours' notice of termination of the rental agreement, as then required by ORS 91.820(2).[1] In early May, while plaintiffs were away from the apartment, defendant padlocked the door and refused to allow them to enter. On May 7, 1981, plaintiffs filed a complaint in district court praying for recovery of possession and statutory damages.[2]

At the same time the complaint was filed, plaintiffs also sought injunctive relief to permit them to remain in possession of the apartment. The following day, the district court issued a temporary restraining order and set a date for the show cause hearing on the preliminary injunction. As a result of the temporary restraining order, plaintiffs regained possession of the apartment. The show cause hearing was held May 11, 1981, in the district court, and the motion for the preliminary injunction was denied. The written order provided:

---

[1] ORS 91.820(2) provided, at that time:

"If rent is unpaid when due and the tenant fails to pay rent within 10 days the landlord, after 24 hours' written notice of nonpayment and his intention to terminate the rental agreement if the rent is not paid within that period, may immediately terminate the rental agreement and take possession in the manner provided in ORS 105.105 to 105.155 [Forcible Entry and Wrongful Detainer]."

This section was amended by Or Laws 1981, ch 753, § 3.

[2] ORS 91.815 provides, in part:

"If a landlord unlawfully removes or excludes the tenant from the premises * * *, the tenant may recover possession or terminate the rental agreement and, in either case, recover an amount not more than two months' periodic rent or twice the actual damages sustained by him, whichever is greater.

"IT IS HEREBY ORDERED, AS FOLLOWS:

"1. That the restraining order heretofore entered against the Defendant is hereby removed.

"2. The defendant is hereby ordered placed in immediate and peaceful possession of the subject premises.

"3. Defendant shall provide Plaintiffs with a reasonable opportunity to remove their personal property from the subject premises.

"4. No costs or disbursements shall be awarded to either party."

Plaintiffs then sought a writ of review of that order in circuit court, ORS 34.010 to 34.100, and a stay of execution permitting them to remain in possession. The circuit court issued the writ but denied the stay. Consequently, plaintiffs vacated the premises on May 17, 1981.

Plaintiffs' basis for the writ of review was their contention that the district court improperly construed the applicable law. ORS 34.040(4). The circuit court reviewed the applicable law—the Residential Landlord and Tenant Act, ORS 91.700 to 91.895, and the Forcible Entry and Wrongful Detainer statutes, ORS 105.105 to 105.165—and concluded that the district court did not err in denying the motion for a preliminary injunction. This appeal followed. ORS 34.100.

■ At oral argument plaintiffs conceded that they are no longer interested in regaining possession of the premises. The issue therefore is moot. Plaintiffs suggest, however, that the second issue in their complaint, statutory damages, is not moot and should be considered here.

■ We cannot reach the statutory damages issue. Plaintiffs' district court complaint raised both the issue of the right to possession and the issue of damages. Plaintiffs made a separate request for injunctive relief on the basis of their claimed right to possession. The district court's denial of injunctive relief necessarily addressed only the possession issue, as the portion of the order set out earlier in this opinion makes clear. The writ of review concerned only the denial of injunctive relief. That is the only issue properly before us, and that is moot.

Plaintiffs argue that the district court's ruling "also effectively denied Plaintiffs' claim for damages." The

ruling may indeed have had that effect, especially if, as plaintiffs state, the facts are not in dispute. Nonetheless, the district court directly addressed only the question of whether plaintiffs were entitled to the protection of a preliminary injunction *pending a trial on the merits* of the damage claims raised in plaintiffs' complaint. That trial on the merits has not taken place. As counsel for plaintiffs observed at oral argument, the original complaint is "still just hanging there."

Appeal dismissed.