Argued and submitted January 7, affirmed in part, vacated in part and reversed and remanded in part October 5, 1983

# SMITH et al,
*Appellants,*

*v.*

# TOPITS,
*Respondent.*

(C-81-0468; CA A25955)

669 P2d 1167

Micky Ryan, Coos Bay, argued the cause for appellants. With her on the brief were John B. Trew and Oregon Legal Services Corporation, Coos Bay.

Cameron C. Thom, Coos Bay, waived appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

In this action, plaintiffs seek statutory damages under ORS 91.815 for their unlawful exclusion on May 5, 1981, from premises rented to them by defendant. Defendant counterclaimed for past-due rent. The trial court denied plaintiffs' claim for unlawful exclusion and awarded defendant a judgment in the amount of $375 for rent for the months of March and April, 1981. The trial court also awarded defendant his attorney fees, costs and disbursements.

This case is before us for the second time. *See Smith v. Reeves,* 57 Or App 464, 645 P2d 575 (1982). In the original proceeding, plaintiffs sought to regain possession of the premises in addition to recovering statutory damages. In that proceeding, plaintiffs appealed from the circuit court affirmance on writ of review of the district court's denial of injunctive relief sought by plaintiffs to regain possession of the premises. We dismissed the appeal, because on oral argument plaintiffs conceded that they did not wish to regain possession of the premises, so that issue was moot, and the issue of statutory damages and defendant's counterclaim for rent had yet to be tried on the merits. Our earlier opinion states the facts as fully as necessary for the purposes of this appeal, and it is not necessary to restate them here.

The issue of statutory damages and defendant's counterclaim were subsequently tried on stipulated facts on remand. The trial court found for defendant, awarding him past-due rent and attorney fees. Plaintiffs stipulated that, under the Residential Landlord and Tenant Act, ORS 91.700 *et seq,* defendant was entitled to recover possession of the premises, because plaintiffs were more than ten days late in their payment of rent and had been given appropriate notice to pay the rent within 24 hours or vacate the premises pursuant to ORS 91.820(2).[1]

The only question before us is whether, given these facts, the landlord was entitled to exclude the tenants from the

---

[1] Or Laws 1981, ch 753, § 3 amended ORS 91.820(2) to read:

"If rent is unpaid when due and the tenant fails to pay rent within seven days the landlord, after 72 hours' written notice of nonpayment and the landlord's intention to terminate the rental agreement if the rent is not paid within that period, may immediately terminate the rental agreement and take possession in the manner provided in ORS 105.105 to 105.165."

premises in a peaceful manner by locking them out without first employing the procedures provided in the Forcible Entry and Wrongful Detainer law, ORS 105.105 to 105.155. We conclude that he was not.

It is not disputed that the tenancy in question was governed by the Oregon Residential Landlord and Tenant Act, as it existed in May, 1981. ORS 91.850 provides:

> "A landlord may not recover or take possession of the dwelling unit by action or otherwise, including wilful diminution of services * * * except in case of abandonment, surrender, or as permitted in ORS 91.700 to 91.895."

When rent is unpaid, the landlord's remedy to regain possession of the premises is pursuant to ORS 91.820(2). That section provided:

> "If rent is unpaid when due and the tenant fails to pay rent within 10 days the landlord, after 24 hours' written notice of nonpayment and his intention to terminate the rental agreement if the rent is not paid within that period, may immediately terminate the rental agreement and take possession in the manner provided in ORS 105.105 to 105.155."

The trial court, in holding that the landlord was authorized to exclude plaintiffs from the premises by locking them out after appropriate notice, relied on ORS 105.105, which provides:

> "No person shall enter upon any land, tenement or other real property unless the right of entry is given by law. When the right of entry is given by law the entry shall be made in a peaceable manner and without force."

It is clear, however, that that statute does not itself authorize entry but specifies that, when entry is otherwise authorized by law, it must be in a peaceable manner and without force. It is also clear from the language of ORS 91.820(2) that the manner in which the landlord may retake premises is restricted to those provided in the Forcible Entry and Wrongful Detainer law.

Those statutes do not provide for entry except as a result of a judicial proceeding to determine the right to possession. We conclude that, on termination of the tenancy pursuant to ORS 91.820(2), the landlord was required to proceed

to regain possession in a judicial proceeding authorized by the Forcible Entry and Wrongful Detainer law. It follows that he could not accelerate his possession by unilaterally locking out the tenants without court intervention. *See Napolski v. Champney,* 295 Or 408, 420, 667 P2d 1013 (1983).

Our conclusion is bolstered by the fact that the version of ORS 91.820(2) that applies to this case is the product of a 1975 amendment made to the 1973 version of the same statute by House Bill 2061. The 1973 version of ORS 91.820(2) contained the following language:

> "If rent is unpaid when due and the tenant fails to pay rent within 10 days thereafter the landlord, after 24 hours written notice of nonpayment and his intention to terminate the rental agreement if rent is not paid within that period, may immediately terminate the rental agreement and take possession."

The 1975 amended version added the language: "in the manner provided in ORS 105.105 to 105.160." It is abundantly clear from the legislative history that both the proponents and opponents of the amendment understood that the added language was intended to preclude a self-help lockout by a landlord who had complied with the notice requirements of ORS 91.820(2) and to require that possession be regained in the manner authorized by the FED statutes.

Under the facts of this case, defendant's conduct in locking plaintiffs out was unlawful as a matter of law, and the trial court erred in failing to consider discretionary damages under the provisions of ORS 91.815, which in this case may not exceed twice the monthly rental, because plaintiffs made no claim for actual damages.[2]

Plaintiffs did not appeal from the award to defendant on his counterclaim in the sum of $375, and that award will not be disturbed. However, the trial court's award of discretionary attorney fees, *Marquam Investment Corp. v. Myers,* 35 Or App 23, 581 P2d 545, *rev den* 284 Or 341 (1978), and the award of

---

[2] Under ORS 91.815, in the event a landlord unlawfully excludes a tenant from the premises, "the tenant *may* recover possession or terminate the rental agreement and * * * recover an amount not more than two months' periodic rent or twice the actual damage sustained by him, whichever is greater." (Emphasis supplied.) Here, plaintiffs claim damages in the amount of twice the monthly rental and make no claim for other actual damages.

costs and disbursements to defendant must be vacated pending a determination after the calculation of plaintiffs' damages, if any, and a determination of who is the prevailing party under the provisions of ORS 91.755.

The judgment for defendant for rent is affirmed; the judgment for defendant for costs, disbursements and attorney fees is vacated; the judgment denying plaintiffs' claim for damages is reversed and remanded for proceedings not inconsistent with this opinion.