## HAYDEN *v.* WAYMIRE.

OPEN MUTUAL ACCOUNT.—Where one performs services for another, at his request, and charges him with the reasonable worth of the same, and the latter expends money for and loans money to the former, at his request, and charges him therewith, the account between them is "an open mutual account," within the meaning of subd. 3, of sec. 539, of the civil code, relating to costs.

APPEAL from Polk County.

*W. H. Holmes*, for appellant.

*Daly & Butler*, for respondent.

By the Court, WATSON, C. J.

The appellant sued the respondent, as administrator of the estate of Fred. Williams, deceased, in the circuit court for Polk county, and obtained a verdict for five dollars, which amount was paid into court by the respondent. The appellant moved for judgment for costs, in addition to the amount of the verdict, which was refused by the court, and judgment for costs given in favor of the respondent. This ruling constitutes the error complained of by the appellant. The action was brought on an account for professional services as an attorney-at-law, rendered by the appellant to said Williams, in December, 1876, at his request, and are alleged in the complaint to have been reasonably worth $200. Interest was claimed thereon at 10 per cent. per annum, from the time they were rendered. The answer admitted the services, but denied that they were worth over $100, and denied the claim for interest altogether. It also sets up as a separate defense an agreement between appellant and Williams, under which it alleges the services were performed, by the terms of which the appellant was to furnish his professional services whenever needed by said Williams, free of charge, and in return Williams was to furnish appellant, whenever he should be at Dallas, with liquors, wine and beer free of charge; and it alleges that Williams did furnish appellant with such articles, in accordance with such agreement, to the amount of not less than $400, and made no charge therefor against him.

As a second separate defense, the answer alleges that at various specified times said Williams laid out and expended money for, and made loans to the appellant, at his request, amounting in the aggregate to the sum of $180, and that such sums, nor any of them, have ever been paid, but are

still due from the appellant, with interest. The new matter in the answer is put in issue by the reply.

It will be seen from this statement, beyond doubt, we think, that the apellant's claim, and the counter-claims set up in the second defense, constituted "an open, mutual account" between the appellant and Williams, within the meaning of subdiv. 3, of sec. 539, of the civil code, which entitles a plaintiff recovering judgment for any sum, "in an action involving an open mutual account, where it appears to the satisfaction of the court that the sum total of the accounts of both parties exceeds one hundred and fifty dollars," to recover costs also. (*Norton* v. *Wilson*, 30 Cal., 126; *Brady* v. *Durbrow*, 2 E. D. Smith, 78; *Gilliland* v. *Campbell*, 18 How. Pr., 177.) And the record conclusively shows that the amount of the accounts of both parties exceeds the sum mentioned in the statute. The court could not but have been satisfied on that point. The answer admits one hundred dollars of appellant's demand, unless covered by the agreement set up in the first separate defense. The verdict for appellant for any sum, however small, virtually determined that such agreement had no existence. It was either a good defense to the whole of appellant's claim, or else to no portion of it, and was negatived by the finding of any sum due him upon it. But the verdict settles another question in the case. It decides that ninety-five dollars, at least, of the amounts plead as counter-claims was proven to the jury.

We must presume, then, that the fact that the sum total of the accounts of both parties was in excess of one hundred and fifty dollars did appear to the satisfaction of the court below. And it was error not to give the appellant judgment for costs, instead of adjudging them to the respondent. The other questions discussed at the hearing

seem to us not to require any discussion here. The court below refused to give appellant the judgment we hold he was entitled to, and gave respondent one to which he was not entitled. We are clearly of the opinion that the appeal lay.

Judgment reversed, with costs to appellant.