Argued February 27, affirmed in part; reversed in part July 5,
reconsideration denied August 16, petition for review denied
November 28, 1978

# MARQUAM INVESTMENT CORPORATION,
*Respondent,*

*v.*

# MYERS, *Appellant.*

# (No. 157-589, CA 8343)

581 P2d 545

Frank Wall, Housing Law Project, Portland, argued the cause for appellant. With him on the briefs were Ruth Gundle and Mary Frost, Community Law Project, Portland.

James Marquoit, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant-tenant appeals from a judgment entered for plaintiff-landlord in district court on a forcible entry and detainer action (FED).[1] Defendant makes several assignments of error.

## INCONSISTENT VERDICT

Plaintiff filed the FED action following a 30-day notice of termination. Defendant answered alleging retaliation as an affirmative defense pursuant to ORS 91.865. Defendant also counterclaimed for damages based on: (1) retaliation, (2) use of a prohibited rental provision and (3) the plaintiff's failure to maintain the dwelling unit in a habitable condition.

The jury returned the following verdict:

"We, the jury, duly empaneled and sworn to try the above cause, find our verdict as the answers to the following Interrogatories:

"I

"As to plaintiff's cause of action for possession or restitution of the premises, we find our verdict in favor of:

X̲ Plaintiff landlord

__ Defendant tenant

"II

"Would the landlord have delivered an eviction notice to the tenant if she had not asked him to make repairs?

__No̲__
(yes or no)

"If your answer to the above question is no, answer the following questions:

"(1) Has the tenant suffered damages as a result of the landlord's retaliation?__No̲__ If yes, what were the
(yes or no)

tenant's damages?  $ _____
($200)

---

[1] This is the second time this case has been before this court. *See, Myers v. Carter, Marquam Invest. Corp.,* 27 Or App 351, 556 P2d 703 (1976), *rev den* (1977).

"(2) Was the landlord's retaliatory conduct intentional, willful and malicious? ___No___ If yes, then what
(yes or no)
amount of damages would serve to punish the landlord for attempting to evict the tenant in retaliation for her efforts to obtain needed repairs? $_____
(up to $1,000)

"III

"Has the landlord failed to maintain the dwelling unit and premises in a habitable condition? ___Yes___ If
(yes or no)
yes, what are the tenant's damages? $___100___
(up to $300)
"Did the tenant suffer mental distress as a result of the landlord's failure to maintain the premises in a habitable condition? ___No___ If yes, what are the
(yes or no)
tenant's damages? $_____
(up to $300)

"IV

"Did the landlord deliberately include an 'as is' provision in the verbal rental agreement with knowledge of its illegality and did the landlord attempt to enforce the 'as is' provision? ___No___ If your answer is yes, did
(yes or no)
the tenant suffer damages? _____
(yes or no)
If yes, in what amount? $_____
($300)
"Dated this 27 day of April, 1977."

Each paragraph of the verdict form corresponds to each cause of action presented by the parties. Question I relates to the plaintiff's FED action while questions II, III and IV relate to the defendant's counterclaims.

In the original verdict form accepted by the trial judge, there was no question relating to possession (question I). The judge felt that question II would be dispositive of the issue of possession. However, plaintiff vigorously objected to that form of verdict so the trial judge inserted question I over defendant's objection. When the judge attempted to clarify question I by

adding references to retaliatory conduct, plaintiff objected, saying,

> "Your Honor, you're going to instruct this jury that they can't give the premises back, you just read through the instructions, that they can't give the premises back if it's in retaliation. The jury is going to know that."

Apparently the parties, despite the misgivings of the trial judge, felt that there was little likelihood of confusion which would result in an inconsistent verdict.

A verdict that is inconsistent on its face results from the answers of the jury to questions I and II which, in essence, say that the plaintiff retaliated but that the landlord is entitled to possession. After receiving the verdict, the trial judge, recognizing a problem with the answers to questions I and II, proposed that he resubmit the case to the jury with a specific question relating to the issue of retaliation.[2] The plaintiff had no objection to the court's proposal but the defendant wished to "stick with the verdict" as returned. The judge therefore did not resubmit the case to the jury.

■■ The threshold question in determining if the trial court erred in entering judgment for the plaintiff is whether the defendant can raise the issue on appeal having made no objection to the verdict at the time it was returned. In cases where an aggrieved party is seeking a new trial on the ground that the verdict is internally inconsistent, the moving party must have made an objection at the time the verdict was returned. *Fischer v. Howard,* 201 Or 426, 271 P2d 1059 (1954); *Skourtis v. Ellis,* 272 Or 149, 535 P2d 1367 (1975); ORS 17.355(2). In the instant case defendant argues that her motion to the trial court was aimed solely at having the verdict construed in her favor, and that no objection to the verdict at the time it was

---

[2]We are unable to determine from the audio tapes or the district court files forwarded to this court the form of the question the trial judge proposed to submit to the jury.

received was required. We disagree. The time to correct the verdict was when the jury was still present and the court could resubmit the question for determination. *Smith v. J. C. Penney Co.,* 269 Or 643, 525 P2d 1299 (1974). Allowing a patently inconsistent verdict to stand and then, after the jury is discharged, seek to take advantage of the inconsistency is impermissible.[3] For the same reason, defendant's claim that the trial court erred in denying her motion for a new trial on the ground of jury misconduct cannot be sustained. *Kriner v. Weaver,* 276 Or 741, 556 P2d 652 (1976).

## THIRD AMENDED REPLY

Defendant assigns as error the trial court's allowance of plaintiff's third amended reply which placed in issue plaintiff's contention that the repairs necessary to bring the premises up to code would require defendant's removal from the house. Plaintiff's reply was based upon ORS 91.865(3) which provides:

"(3) Notwithstanding subsections (1) and (2) of this section, a landlord may bring an action for possession if:

"* * * * *

"(c) Compliance with the applicable building or housing code requires alteration, remodeling or demolition which would effectively deprive the tenant of use of the dwelling unit."

Plaintiff filed its third amended reply immediately prior to the selection of a jury, although it was the second day of the proceedings because the first day was spent arguing and ruling upon pretrial motions. Defendant contends that she was prejudiced by the trial court's decision to allow the third amended reply in that it presented a new defense, to her claim of retaliation, for which she was unprepared to present evidence.

---

[3] Plaintiff claims that the verdict was not inconsistent because the jury could have found, as alleged in its third amended reply, that the eviction was proper pursuant to ORS 91.865(3)(c). However, the court gave no instruction on plaintiff's third amended reply; so the jury would have had to speculate as to the application of the law which is impermissible.

The controlling statute is ORS 16.390[4] which provides that at any time before trial the trial court may permit amendment of the pleadings, and if the trial has commenced, amendments may be made before the cause is submitted so long as they do not substantially change the cause of action or defense. The allowance of amendments to pleadings is discretionary with the trial court which must determine whether there is any prejudice to the opposing party. *Cutsforth v. Kinzua Corp.,* 267 Or 423, 517 P2d 640 (1973); *Morrill v. Rountree,* 242 Or 320, 408 P2d 932 (1966). In the instant case the trial court found that the defendant was prepared to present evidence on the issue put forth by plaintiff's third amended reply, and that no prejudice to defendant's case would result from the amendment. We find no abuse of discretion in the trial court's ruling.

Defendant also claims that the amendment came *during* trial and was subject to the rule that amendment was only allowable where it did not substantially change the cause of action or defense. ORS 16.390. Assuming arguendo that the amendment constituted a substantial change in plaintiff's defense to defendant's counterclaim, we conclude that it was made before trial and was within the trial court's discretion to allow. *Merit v. Losey,* 194 Or 89, 99, 240 P2d 933 (1952); *Hurst v. Merrifield,* 144 Or 78, 84, 23 P2d 124 (1933).

## MOTION FOR NONSUIT

Defendant claims that the trial court erred in denying her motion for nonsuit as to plaintiff's third

---

[4]ORS 16.390 provides:

"The court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party, or other allegation material to the cause; and in like manner and for like reasons may, at any time before the cause is submitted, allow such pleading or proceeding to be amended, by striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved."

amended reply. She contends that there was insufficient evidence to take the issue to the jury. We disagree. We conclude, after considering plaintiff's and defendant's evidence, that there was sufficient evidence to submit the issue to the jury. *Johnson v. Underwood et al.,* 102 Or 680, 688, 203 P 879 (1922).

## ATTORNEY FEES

Defendant's final assignment of error relates to the trial court's award of attorney fees to the plaintiff pursuant to ORS 91.755.[5] Defendant makes two arguments: (1) both parties prevailed at trial on their respective claims and were therefore entitled to attorney fees, and (2) in the alternative, neither party is entitled to attorney fees in this situation.

There are many statutes that authorize trial courts to award attorney fees and various costs to "the prevailing party" in different situations. For the statutes governing awards of trial court costs, the general rule is that "if there is only a single plaintiff and a single defendant there can be but one prevailing party." 20 CJS *Costs,* § 8 (1940). The rule does not change when the defendant interposes a counterclaim:

"* * * [T]he general rule is that where a set-off or counterclaim has been filed and allowed, wholly or in part, the party in whose favor final judgment is rendered will be entitled to costs. In other words, plaintiff is entitled to costs if he has judgment for an amount in excess of the set-off or counterclaim allowed; and this is so, although defendant to a certain extent prevailed on his counterclaim. * * * By parity of reasoning if the amount allowed as set-off or counterclaim exceeds the amount allowed on plaintiff's demand, or if defendant succeeds in off-setting plaintiff's claim and preventing any recovery thereon, or if the only judgment properly

[5] ORS 91.755 provides:

"In any action on a rental agreement or arising under ORS 91.700 to 91.895, reasonable attorney fees may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

rendered is for defendant on the counterclaim, or cross complaint, defendant is entitled to costs * * *." 20 CJS *Costs,* § 12 (1940).

*Hayden v. Waymire,* 10 Or 367 (1882), supports the proposition that there can be but one prevailing party even in litigation involving a plaintiff's claim and a defendant's counterclaim.

Although the above authorities involve the question of who is the prevailing party for purposes of an award of costs, there is no reason not to apply the same reasoning to the question of who is the prevailing party for purposes of an award of attorney fees.

■ The attorney-fees statute here relevant, ORS 91.755, authorizes but does not require an award of such fees to the prevailing party—"reasonable attorney fees *may* be awarded to the prevailing party." (Emphasis supplied.) This places the question of whether to award attorney fees within the discretion of the trial court. But that discretion is not unlimited, and the appellate courts are obligated to formulate some standards to guide the exercise of it.

We hold it is an abuse of discretion to award either party attorney fees when, as here: (1) a plaintiff-landlord initiates a FED action seeking only possession; (2) a defendant-tenant makes counterclaims for money damages; (3) the landlord wins possession; and (4) the tenant wins something more than just nominal damages. Such an outcome is simply too inconclusive to warrant a *discretionary* award of attorney fees to either party.

Affirmed in part; reversed in part.