Argued and submitted February 24, reversed and remanded May 9, 1984

## MARLOWE et al,
### *Respondents,*

*v.*

## DER-HART ASSOCIATES, INC.,
### *Appellant.*

### (A7907-03505; CA A28139)

680 P2d 716

James A. Cox, Lake Oswego, argued the cause and filed the briefs for appellant.

James L. Lane, Portland, argued the cause for respondents. With him on the brief was Tamblyn & Bush, P. C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from the trial court's denial of attorney fees in this action for breach of contract, breach of implied warranty and negligence. The court entered a judgment for defendant after concluding that a release executed by plaintiffs precluded recovery. The contract defendant allegedly breached contains an attorney fee provision, stating that "* * * in case suit or action is instituted to foreclose this contract or to enforce any provision thereof, the losing party * * * agrees to pay such sum as the trial court may adjudge reasonable as attorney's fees to be allowed the prevailing party * * *." Plaintiffs objected to defendant's claim for attorney fees on three grounds: first, the "basis for [defendant's] prevailing * * * was not the contract * * *"; second, the amount of attorney fees claimed exceeded the amount prayed for in defendant's answer; and third, the fees claimed were excessive.

■　Although the trial court did not state the reason for denying attorney fees, defendant argues that the only *possible* basis for the denial was the first of plaintiffs' three objections. We agree. Neither the second nor the third objection *could* have warranted the *complete* disallowance of attorney fees, at least on the present record.[1]

■　Plaintiffs make virtually no argument on appeal to explain why their first objection should have been sustained. We conclude that it should not have been. Whatever the *reason* for the trial court's decision in the underlying action may have been, the breach of contract count was alleged by plaintiffs, defendant was required to defend against it and the judgment defendant obtained made it the prevailing party on that count as well as the others.

■　The principal argument plaintiffs make on appeal is that the trial court had discretion over *whether* to award attorney fees as well as over the *amount* to be awarded. Plaintiffs contend that, by providing that "the losing party * * * agrees to pay such sum as the trial court *may* adjudge reasonable attorney's fees" (emphasis plaintiffs'), the contract itself gives the trial court discretion over whether to

---

[1] Plaintiffs make an argument to the effect that an award of attorney fees is barred by laches. That argument is wholly without merit.

allow fees. Although that precise argument was not addressed in either opinion, the Supreme Court held in *Jensen v. Miller,* 280 Or 225, 570 P2d 375 (1977), and we held in *U. S. Natural Resources, Inc. v. Gray,* 66 Or App 769, 676 P2d 912 (1984), that, under *materially* indistinguishable contractual provisions, the allowance of reasonable attorney fees is mandatory. Conversely, the amount of reasonable attorney fees "is a question of fact as to which the trial court has wide discretion." *Creditors Protective Assoc. v. Britt,* 58 Or App 230, 235, 648 P2d 414 (1982).

■■ We do not agree with plaintiffs' interpretation of the attorney fee provision. We do not understand the word "may" to modify the parties' agreement that, in the event of litigation, the unsuccessful party will pay attorney fees or to make discretionary the court's obligation to award fees pursuant to that agreement. The word refers to the court's determination of the amount of reasonable attorney fees. Like the provisions applied in *Jensen v. Miller, supra,* and *U. S. Natural Resources, Inc. v. Gray, supra,* the attorney fees provision here gives the trial court "discretion" to find what constitutes a reasonable amount, but it does not permit the court in this action at law to refuse to make *any* award on grounds other than reasonableness of the amount.

Reversed and remanded with instructions to award reasonable attorney fees to defendant.