Submitted on record and briefs November 7, 1984, reversed and remanded with instructions January 23, 1985

PELETT et ux,
*Appellants,*

*v.*

WELCH et ux,
*Respondents.*

(A8107-04081; CA A32285)

694 P2d 574

Charles D. Bates, Portland, filed the brief for appellants.

Joan O'Neill, and Dunn, Carney, Allen, Higgins & Tongue, Portland, filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs brought this action to recover damages for breach of a rental contract and conversion. Defendants counterclaimed for breach of contract. The jury returned a verdict awarding $610.20 to plaintiffs and nothing to defendants. The trial court refused to grant plaintiffs' request for attorney fees under a provision of the contract, and they appeal.

The operative provision of the contract reads:

> "In case suit or action is instituted to enforce compliance with any of the terms, covenants or conditions of this lease, or to collect the rental which may become due hereunder, or any portion thereof, the losing party agrees to pay such sum as the trial court may adjudge reasonable as attorney's fees * * *."

In denying plaintiffs attorney fees, the trial court held that "under the jury's verdict defendants, also, were prevailing parties."

ORS 20.096(5) defines "prevailing party" as "the party in whose favor final judgment or decree is rendered." *Carlson v. Blumenstein,* 293 Or 494, 651 P2d 710 (1982), holds that, in the absence of evidence that the parties intended otherwise, this statutory definition applies to the use of the term "prevailing party" in a contract.

We held in *Marquam Investment Corp. v. Myers,* 35 Or App 23, 581 P2d 545, *rev den* 284 Or 341 (1978), that there can be only one prevailing party in an action, even in litigation involving counterclaims. If a plaintiff succeeds on a claim and the defendant also succeeds on a counterclaim, the prevailing party is the one who receives the net award, because it is that party "in whose favor final judgment or decree is rendered." ORS 20.096(5); *Carlson v. Blumenstein, supra; Illingworth v. Bushong,* 61 Or App 152, 656 P2d 370 (1982), *aff'd* 297 Or 675, 688 P2d 379 (1984). In this case, the court issued a judgment on the jury's verdict in plaintiff's favor, and the court erred as a matter of law in holding that both parties prevailed.

Defendants contend that the court had discretion under the contract not to award attorney fees, relying on *Marquam Investment Corp. v. Myers, supra.* That reliance is misplaced, because attorney fees in *Marquam* were claimed under ORS 91.755 and not under a contract. ORS 91.755 provides that "reasonable attorney fees * * * may be awarded

to the prevailing party." It places the decision whether to award attorney fees within the court's discretion.

■ In the contract in this case, each party agreed to pay the prevailing party's attorney fees in the event of litigation; the only issue within the trial court's discretion is the amount of attorney fees which is reasonable. This court construed an identical contract term in *Marlowe v. Der-Hart Associates,* 68 Or App 106, 680 P2d 716 (1984), and held:

> "* * * [T]he attorney fees provision here gives the trial court 'discretion' to find what constitutes a reasonable amount, but it does not permit the court in this action at law to refuse to make *any* award on grounds other than reasonableness of the amount." 68 Or App at 109.

*See also Creditors Protective Assoc. v. Britt,* 58 Or App 230, 235, 648 P2d 414 (1982).

Reversed and remanded with instructions to award reasonable attorney fees to plaintiffs.