Argued and submitted May 23, 1986, reversed and remanded for determination of attorney fees February 11, 1987

# LADUM,
*Respondent,*

*v.*

# CITY OF REEDSPORT,
*Appellant.*

(E82-1857; CA A36442)

733 P2d 66

John A. Wolf, Reedsport, argued the cause for Appellant. With him on the brief was Miller & Wolf, Reedsport.

Joan L. Volpert, Portland, argued the cause for respondent. With her on the brief were Paul S. Cosgrove, and Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals from the trial court's denial of its request for attorney fees. We reverse and remand.

In 1974, plaintiff leased real property from defendant. Plaintiff improved the property and then leased the site and improvements to the United States Forest Service for use as the Dunes National Recreation Area Headquarters. The real property description in the lease documents was ambiguous in that the metes and bounds description did not close and the size of the parcel was described as "2.5 acres more or less." However, the parcel surveyed as the site and used by the Forest Service contained approximately 2.05 acres.

The ambiguity in the property description was not a problem until 1977 when the Forest Service wished to expand its facilities. The parties eventually modified the lease to provide additional land to accommodate expansion and made adjustments in the rent. After the modification, a dispute arose concerning the language regarding the restructuring of the rent payments. Plaintiff filed this action for declaratory relief.

The sole issue on appeal is whether the trial court's denial of defendant's request for attorney fees was proper. The contract, when read with the pertinent statutory authority,[1] provides that the court shall order payment of attorney fees to the prevailing party in an action concerning the lease or premises. The contract provides:

> "In the event Lessor shall be required to bring any suit or action to enforce any covenant or condition contained herein, or in the event that Lessor is involuntarily made defendant in any litigation concerning this Lease or the demised premises by reason of any act or omission of Lessee and not because of any act or omission of Lessor, Lessee will pay to Lessor

---

[1] ORS 20.096(1) provides:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

A party need not specifically plead this statute, in addition to its contract, as a basis of its request for attorney fees. *Flight Dynamics, Inc. v. Questech Capitol Corp.,* 76 Or App 166, 708 P2d 1173 (1985), *rev den* 300 Or 563 (1986).

Lessor's costs and expenses incurred in connection with such suit or action including reasonable attorney's fees."

Under such a provision, the court must award reasonable attorney fees to the prevailing party. *Marlowe v. Der-Hart Associates,* 68 Or App 106, 680 P2d 716 (1984); *U.S. Natural Resources, Inc. v. Gray,* 66 Or App 769, 676 P2d 912, *rev den* 297 Or 83 (1984); *Illingworth v. Bushong,* 61 Or App 152, 656 P2d 370, *aff'd* 297 Or 675 (1984). The court must first determine, however, whether there is a prevailing party. *Marquam Investment Corp. v. Myers,* 35 Or App 23, 581 P2d 545, *rev den* 284 Or 341 (1978). If neither party prevails, an award of attorney fees is not appropriate. *Lawrence v. Peel,* 45 Or App 233, 243, 607 P2d 1386 (1980). To determine whether there is a prevailing party, a court weighs "what was sought by each party against the result obtained." *Lawrence v. Peel, supra,* 45 Or App at 243.

The first major contention in plaintiff's complaint was that it was entitled to 2.5 acres, more or less,[2] as provided in the original lease.[3] Defendant argued that plaintiff was entitled only to the land originally occupied, which was approximately 2.05 acres. The trial court ruled that plaintiff was entitled to 2.05 acres. Thus, defendant prevailed on that issue.

Plaintiff's second major contention concerned what base year should be used to determine annual cost of living increases. Plaintiff argued that October 1, 1979, was the appropriate date; defendant argued that September 1, 1974, the date agreed to in the original lease, should be used. The court held that September 1, 1974, was the appropriate date. Thus, defendant also prevailed on that issue.

Plaintiff also argues that defendant contended that the original lease and modification were void, because there had been no meeting of the minds on essential terms—the quantity of land and additional compensation. However, those

---

[2] This contention was contained in plaintiff's complaint but not in its amended complaint. Because the issue was tried by the parties and ruled on by the court, it is before us even though it is absent from the operative complaint. ORCP 23B.

[3] The parties did agree to a modification of the original lease to include the larger parcel. Nonetheless, plaintiff sought to have the trial court declare that the original lease included 2.5 acres. Whether, in view of plaintiff's agreement to the modification, it was appropriate to seek such relief is not before us.

were merely alternative arguments that the court did not reach. Therefore, we do not consider them significant in determining which party prevailed. With respect to the issue of whether the housing component of the Portland Cost of Living Index or merely the Portland Cost of Living Index was to have been used, it appears the parties were not in disagreement. Thus, it cannot be said that plaintiff prevailed on that issue either.

Plaintiff's general argument is that it got exactly what it requested, a declaration of its rights under the contract, and therefore prevailed. What plaintiff actually sought was a favorable construction of the contracts. Because the court construed the contested clauses in defendant's favor, it prevailed on the significant disputed issues and the court erred in denying its request for attorneys' fees.

Reversed and remanded for determination of attorney fees payable by respondent.