Argued and submitted December 16, 1992, affirmed May 12, 1993

## MEDURI FARMS, INC.,
an Oregon corporation,
*Respondent,*

*v.*

## ROBERT JAHN CORPORATION,
an Oregon corporation;
Robert G. Jahn and Chester Jahn,
*Appellants.*

(89P-1070; CA A68677)

852 P2d 257

Mark E. Griffin, Portland, argued the cause for appellants. With him on the briefs was Griffin & McCandlish, Portland.

Eric Yandell, Salem, argued the cause for respondent. With him on the brief was Heltzel, Upjohn, Shaw, Williams, Yandell & Pearsall, P.C., Salem.

Before Warren, Presiding Judge, and Rossman and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendants Robert Jahn Corporation and its two principal stockholders and officers appeal from a judgment in favor of plaintiff on their counterclaim for fraud and a supplemental judgment that awarded plaintiff attorney fees and costs. We affirm.

Plaintiff leased a cherry orchard from defendant corporation for a term of five years, beginning January 1, 1986, with an option to renew for an additional five years. In April, 1989, plaintiff brought this action to enjoin defendants from interfering with its orchard operation. The trial court granted a temporary restraining order, which it later converted to a preliminary injunction. Defendants counterclaimed for termination of the lease, breach of contract for unpaid rents and clean-up costs, fraud in the grading of the cherries and for constructive trust. The trial court dismissed the constructive trust theory for failure to state a claim and also granted plaintiff's motion for summary judgment on the counterclaims for fraud and breach of contract for unpaid rents.[1] Because the lease expired in January, 1991, the court also dismissed as moot plaintiff's claim for permanent injunction and defendants' counterclaim for termination of the lease. On defendants' breach of contract claim for clean-up costs, the parties agreed to entry of a judgment for defendant corporation in the amount of $1,000. The court concluded that plaintiff was the prevailing party and ordered defendant corporation to pay $15,000 for attorney fees and all defendants to pay $792.29 for costs.[2]

■    We first address defendants' assignment that the trial court erred in granting summary judgment to plaintiff on their counterclaim for fraud. That claim centered around the lease provision (2)(b), which reads:

---

[1] Defendants do not assign error to the trial court's ruling dismissing their constructive trust claim or granting plaintiff's motion for summary judgment on their breach of contract claim for unpaid rents.

[2] The supplemental judgment provided that plaintiff "shall recover its costs in the amount of *$15,000* from all defendants and its reasonable attorney fees * * * in the amount of *$729.29* from defendant Robert Jahn Corporation." (Emphasis supplied.) Both parties agree that the judgment incorrectly inverted the awards of attorney fees and costs. That error can be corrected pursuant to ORCP 71.

"*Daily receipts.* [Plaintiff] shall perform all grading and weighing, and shall provide daily grade and weight receipts to [defendant corporation]. These receipts shall be conclusive for rent purposes unless [defendant corporation] shall immediately contest the accuracy of the receipts."

■    Defendants argue that the evidence they submitted in the summary judgment proceeding created a genuine issue of material fact whether plaintiff had made false representations about the "dockage" and grading. Plaintiff counters that defendants' evidence was pure speculation and did not create a genuine issue of material fact. We do not need to decide this dispute because, even if we agree with defendants, there is no issue of material fact whether defendants had a right to rely on those representations. The right to rely is one of the elements of fraud. *See Johnson v. Jeppe*, 73 Or App 430, 438, 698 P2d 1020 (1985); *Coy v. Starling*, 53 Or App 76, 80, 630 P2d 1323, *rev den* 291 Or 662 (1981). Here, the lease itself provided a procedure by which defendants could "immediately contest the accuracy of the receipts," if they believed that they were false. Although defendants complained a number of times about the excessive dockage, they did not exercise their right to contest the accuracy of the receipts. In light of the contest procedure provided in the lease, we conclude that defendants did not have the right to rely on plaintiff's alleged misrepresentations and any reliance was unjustified. Consequently, the trial court did not err in granting summary judgment to plaintiff.

■    Defendants also assign error to the trial court's award of attorney fees and costs to plaintiff. The lease contains an attorney fee and cost provision that reads:

"If suit or action is instituted in connection with any controversy arising out of this lease, the prevailing party shall be entitled to recover, in addition to costs, such sum as the court may adjudge reasonable as attorney fees in any trial or appellate court."

Because the lease does not define the term "prevailing party," the definition in ORS 20.096(5) applies. *Carlson v. Blumenstein*, 293 Or 494, 499, 651 P2d 710 (1982). ORS 20.096(5) defines "prevailing party" as "the party in whose favor final judgment or decree is rendered."

■ There can be only one prevailing party for the purpose of an award of attorney fees, although both sides may prevail on some claims or counterclaims. *Marquam Investment Corp. v. Myers*, 35 Or App 23, 31, 581 P2d 545, *rev den* 284 Or 341 (1978). When both sides seek monetary damages by way of claim and counterclaim, and both claims prevail, the prevailing party is the party who receives the net award. *Allen & Gibbons Logging v. Ball*, 91 Or App 624, 632, 756 P2d 669 (1988); *Pelett v. Welch*, 71 Or App 761, 763, 694 P2d 574 (1985). When one party seeks nonmonetary relief and the other party seeks damages, to determine who is the prevailing party, courts weigh "what was sought by each party against the result obtained * * *." *Lawrence v. Peel*, 45 Or App 233, 243, 607 P2d 1386 (1980); *see also Ladum v. City of Reedsport*, 83 Or App 666, 669, 733 P2d 66 (1987).

■ In this case, plaintiff sought to enjoin defendants from interfering with its orchard operation. The trial court granted that relief first by a temporary restraining order and then by a preliminary injunction. Although the claim for permanent injunction was dismissed as moot because the lease by its terms had expired, plaintiff had received everything it sought. The fact that the underlying claim has become moot does not render the attorney fee issue moot. *See Pacific N.W. Dev. Corp. v. Holloway*, 274 Or 367, 370, 546 P2d 1063 (1976). Plaintiff prevailed on the injunction claim.[3] In contrast, on their claim to terminate the lease, defendants did not obtain the relief they requested. The lease automatically expired when plaintiff chose not to exercise the option to renew. Furthermore, defendants did not prevail on their constructive trust or fraud claims. The only claim on which defendant corporation prevailed was the breach of contract claim, for which it received a net award of $1,000 on a claim seeking $29,421.50.[4] Balancing the claim on

---

[3] Defendants' reliance on *Henderson v. Jantzen, Inc.*, 303 Or 477, 737 P2d 1244 (1987), is misplaced. There, the Supreme Court interpreted the term "prevailing party" in ORS 20.015 (not in ORS 20.096(5)) and said:

"A party who 'prevails' temporarily ultimately may lose the case on the merits. Such temporary gains do not warrant the award of attorney fees." 303 Or at 481.

This case is different. The preliminary injunction plaintiff received is not a "temporary gain," because it lasted for the term of the lease and could not be reversed on appeal.

[4] Defendants do not argue that, because they prevailed on their breach of contract claim, the amount of attorney fees awarded was unreasonable. *See Pelett v.*

which defendants prevailed and the amount of damages they received against other claims on which plaintiff prevailed, we agree with the trial court that plaintiff is the "prevailing party." *Lawrence v. Peel, supra,* 45 Or App at 243.

Defendants nonetheless argue that, although plaintiff prevailed on the fraud claim, that claim "arises in tort, not contract, and is outside of the scope of the attorney fee provision." We disagree. Defendants' allegation was that plaintiff committed fraud in the course of the grading process specified in the lease. That is a claim "in connection with any controversy arising out of [the] lease * * *." *See Millard v. Smedes,* 42 Or App 889, 892, 601 P2d 908 (1979); *cf. Zidell v. Greenway Landing Devel. Co.,* 89 Or App 525, 529, 749 P2d 1210 (1988); *City of Portland v. George D. Ward & Assoc.,* 89 Or App 452, 460, 750 P2d 171, *rev den* 305 Or 672 (1988).

Defendants also argue that the trial court erred in awarding costs against the individual defendants, because they were not parties to the lease and thus not covered by the attorney fee and cost provision. Plaintiff's claim of costs against the individual defendants is not based on the lease provision, but rather on ORCP 68B, which provides:

> "In any action, costs and disbursements *shall be allowed* to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court otherwise directs." (Emphasis supplied.)

Plaintiff sued not only defendant corporation, but also its individual shareholders and officers in their personal capacity. Under ORCP 68B, costs are allowed to the prevailing party against the losing parties, whether or not there is a contractual provision expressly authorizing them. *See, e.g., Hoaglin v. Decker,* 77 Or App 472, 475, 713 P2d 674 (1986). Defendants do not argue otherwise. The trial court correctly awarded costs against the individual defendants.[5]

Affirmed.

---

*Welch, supra,* 71 Or App at 764; *Marlowe v. Der-Hart Associates,* 68 Or App 106, 109, 680 P2d 716 (1984).

[5] Defendants also argue that plaintiff is not the "prevailing party." We have already rejected that argument.