Argued and submitted September 3, reversed in part; otherwise affirmed
October 15, 1997

George V. STEIN,
*Respondent,*

*v.*

BURT & VETTERLEIN, P.C.,
fka Burt, Vetterlein & Bushnell, P.C.,
an Oregon professional corporation,
*Appellant.*

(9501-00092)

BURT & VETTERLEIN, P.C.,
fka Burt, Vetterlein & Bushnell, P.C.,
an Oregon professional corporation,
*Appellant,*

*v.*

George V. STEIN,
*Respondent.*

(9002-01058; CA A93942)

946 P2d 1168

Michael O. Moran argued the cause for appellant. With him on the briefs was Black Helterline.

Brad C. Stanford argued the cause for respondent. With him on the brief was Farleigh, Wada & Witt, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant Burt & Vetterlein, P.C., formerly known as Burt, Vetterlein & Bushnell, P.C., appeals the trial court's denial of its motion for attorney fees and the court's allowance of attorney fees to plaintiff George Stein. We reverse the award of attorney fees to plaintiff and otherwise affirm.

■ Plaintiff George Stein initiated this action pursuant to ORCP 71 C, seeking relief from the judgment entered in another case, *Burt, Vetterlein & Bushnell, P.C. v. Stein,* 117 Or App 363, 844 P2d 239 (1992), *rev den* 316 Or 527 (1993). In the earlier action, the law firm Burt, Vetterlein & Bushnell prevailed in its efforts to recover on George Stein's guaranty of a debt incurred by Alexander Stein. That action resulted in a judgment in favor of Burt, Vetterlein & Bushnell for $78,949.73. Burt, Vetterlein & Bushnell also recovered attorney fees in that action as provided in the guaranty. In a separate proceeding, the debtor Alexander Stein succeeded in having a confession of judgment on the underlying debt set aside. *Burt & Gordon v. Stein,* 128 Or App 350, 876 P2d 338, *rev den* 320 Or 270 (1994). Plaintiff then brought this action for relief from the judgment in *Burt, Vetterlein & Bushnell, P.C. v. Stein* pursuant to ORCP 71 C, which provides in pertinent part that it "does not limit the inherent power of a court to entertain an independent action to relieve a party from a judgment[.]"[1] This inherent power includes the power to modify or set aside a judgment. *See Koennecke v. Koennecke,* 239 Or 274, 397 P2d 203 (1964).

■ In this action, plaintiff argued that he should be relieved from the judgment entered in *Burt, Vetterlein & Bushnell, P.C. v. Stein,* that defendant should be enjoined from further attempting to collect on the judgment, and that plaintiff should be granted attorney fees. Plaintiff did not seek relief from the attorney fee award in *Burt, Vetterlein & Bushnell, P.C. v. Stein.* The trial court agreed in part with

---

[1] Plaintiff also filed a motion pursuant to ORCP 71 B in the case of *Burt, Vetterlein & Bushnell, P.C. v. Stein,* seeking the same relief. That action was consolidated with the present one. However, as the trial court granted plaintiff attorney fees in the ORCP 71 C independent action, only that action is at issue on appeal. Plaintiff makes no arguments based on any provision of ORCP 71 C other than the "independent action" provision.

plaintiff and modified the judgment in *Burt, Vetterlein & Bushnell, P.C. v. Stein* from $78,949.73 to $7,423.24. The propriety of that decision is not at issue on appeal.[2] The trial court also determined that plaintiff was the prevailing party in the ORCP 71 C action and concluded that plaintiff was entitled to attorney fees in that action.

■     On appeal, defendant challenges the award of attorney fees to plaintiff and further contends that it should have been awarded attorney fees as the prevailing party in the action. Neither party has advanced any ground for an award of attorney fees other than the attorney fee provision in the guaranty. Defendant first argues that this action should be viewed as a continuation of the case of *Burt, Vetterlein & Bushnell, P.C. v. Stein*, and that plaintiff is not entitled to attorney fees because defendant is still the prevailing party, because it still has a judgment, albeit a much reduced judgment, against plaintiff. We reject that argument. While plaintiff's ORCP 71 B motion is a continuation of *Burt, Vetterlein & Bushnell, P.C. v. Stein, see State ex rel Frohnmayer v. Low*, 105 Or App 357, 361, 804 P2d 1217 (1991), the "independent action to relieve a party from a judgment" under ORCP 71 C is just that: independent. The trial court specifically provided that plaintiff was entitled to attorney fees in the ORCP 71 C action, not on the ORCP 71 B motion. Thus, the attorney fee award at issue here is not part of the case of *Burt, Vetterlein & Bushnell, P.C. v. Stein*.

■     We next turn to the question whether plaintiff was entitled to receive an award of attorney fees in his

---

[2] This court has held that a court's inherent power to modify the terms of a judgment under ORCP 71 C "is limited to technical amendments and extraordinary circumstances, such as extrinsic fraud." *Adams and Adams*, 107 Or App 93, 96, 811 P2d 919 (1992). No extrinsic fraud was alleged or shown here. *See generally Johnson v. Johnson*, 302 Or 382, 730 P2d 1221 (1986) (discussing extrinsic fraud rule). ORCP 71 C should not be "used to allow parties to circumvent *res judicata* or to assert new substantive arguments." *Condliff v. Priest*, 82 Or App 115, 118, 727 P2d 175 (1986). We note that the present action is based on arguments that the Alexander Stein confession of judgment was void and that the sales of certain securities were not commercially reasonable. Variations on both of those arguments were advanced by George Stein in the previous appeal. *See Burt, Vetterlein & Bushnell, P.C. v. Stein*, 117 Or App 363, 374, 844 P2d 239 (1992), *rev den* 316 Or 527 (1993). By addressing only the attorney fee issues raised by defendant on appeal, we do not intend to imply that the trial court's exercise of its inherent power to modify a judgment was appropriate under these circumstances.

independent action under ORCP 71 C, based on the guaranty. A party seeking attorney fees "shall allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party." ORCP 68 C(2)(a). In the present case, although plaintiff alleged in his complaint that he was entitled to an award of attorney fees, he failed to allege any basis for such an award. The trial court denied plaintiff's motion to amend his pleading to allege a basis for an attorney fee award, and plaintiff has not cross-assigned error to that ruling. The present case differs from *Domingo v. Anderson*, 138 Or App 521, 527, 910 P2d 402 (1996), *rev'd in part on other grounds* 325 Or 385, 938 P2d 206 (1997), in which we held that a party's failure to allege a specific contractual basis for an attorney fee award until after summary judgment had been granted did not preclude such an award. In *Domingo*, the party in question did ultimately file a pleading alleging the basis for his entitlement to attorney fees and thus satisfied the requirement of ORCP 68 C(2)(a) that the basis for an award of attorney fees be alleged in a pleading. In the present case, by contrast, the trial court denied plaintiff's motion to amend his pleadings to allege a basis for attorney fees. Because plaintiff has not "allege[d] the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party," ORCP 68 C(2)(a), the trial court erred in determining that plaintiff was entitled to an award of attorney fees.

◼ Plaintiff's argument that defendant waived any objection to his attorney fees is not well taken. Plaintiff relies on ORCP 68 C(2)(d), which provides, in part, that a party waives any "objection to the form or specificity of allegations of the facts, statute, or rule which provides a basis for the award of fees" if the party does not make such an objection before trial or hearing. Because plaintiff alleged no "facts, statute or rule" as the basis for an award of attorney fees, the "form or specificity" of such allegations was not at issue, and no waiver occurred.

Defendant next argues that the trial court erred in denying defendant attorney fees in the ORCP 71 C action based on the provisions of the guaranty. The guaranty provides: "In the event that this Guaranty is placed in the hands of an attorney for collection, the prevailing party shall be

entitled to its reasonable attorneys' fees and collection costs, whether or not a suit is filed, and including appeals of any suit if filed." In its answer, defendant alleged that it was entitled to attorney fees pursuant to this guaranty. The only question presented by the parties here is whether defendant is the "prevailing party" in this action. Because the guaranty does not define "prevailing party," the statutory definition of that term found in ORS 20.096(5) applies: A prevailing party is one "in whose favor final judgment or decree is rendered." This court has interpreted that provision in *Meduri Farms, Inc. v. Robert Jahn Corp.*, 120 Or App 40, 44, 852 P2d 257 (1993):

> "There can be only one prevailing party for the purpose of an award of attorney fees, although both sides may prevail on some claims or counterclaims. *Marquam Investment Corp. v. Myers*, 35 Or App 23, 31, 581 P2d 545, *rev den* 284 Or 341 (1978). When both sides seek monetary damages by way of claim and counterclaim, and both claims prevail, the prevailing party is the party who receives the net award. *Allen & Gibbons Logging v. Ball*, 91 Or App 624, 632, 756 P2d 669 (1988); *Pelett v. Welch*, 71 Or App 761, 763 694 P2d 574 (1985). When one party seeks nonmonetary relief and the other party seeks damages, to determine who is the prevailing party, courts weigh 'what was sought by each party against the result obtained * * *.' *Lawrence v. Peel*, 45 Or App 233, 243, 607 P2d 1386 (1980); *see also Ladum v. City of Reedsport*, 83 Or App 666, 669, 733 P2d 66 (1987)."

Defendant notes that the modified judgment entered awards it $7,423.24, and argues that it is the prevailing party because it is the party who received the "net award," quoting the above language from *Meduri Farms*. However, that "net award" language pertains to situations in which both parties seek monetary damages and both prevail. That is not the case here. Plaintiff here sought nonmonetary relief, to set aside a judgment and to enjoin defendant from enforcing that judgment. While plaintiff did not prevail on the question of injunctive relief, he succeeded in having about 90 percent of the judgment at issue set aside. A more comparable case is *Bowers and Bowers*, 136 Or App 112, 900 P2d 1085 (1995), *modified* 143 Or App 24, 922 P2d 722 (1996). In *Bowers,* we held that a husband who achieved modification of an award of marital assets based on an antenuptial agreement was

entitled to attorney fees pursuant to a clause in that agreement. *Bowers*, 143 Or App at 30-31. In *Bowers*, "wife received a net money judgment." *Id.* at 31. However, based on the antenuptial agreement, the husband succeeded in keeping over $60,000 from being counted as marital property, leaving only about $40,000 worth of marital property. Despite the wife's net award, we concluded "that husband has prevailed and, therefore, is entitled to his reasonable attorney fees under the contract." *Id.* The present case is analogous. Defendant may have a money judgment but, nevertheless, plaintiff received most of the relief he sought. Given these circumstances, defendant was not the "prevailing party," despite the fact that it still retained a small money judgment against plaintiff.

Attorney fee award to plaintiff reversed; otherwise affirmed.