Argued and submitted May 31, reversed and remanded September 6, 1989

CUSICK et ux,
*Respondents,*

*v.*

MEYER et ux,
*Appellants.*

(A8601-00306; CA A48116)

779 P2d 198

Wade Regier, Portland, argued the cause for appellants. With him on the briefs was Gary M. Bullock, Portland.

Sarah Ryan, Portland, argued the cause for respondents. With her on the brief were Jacob Tanzer, and Ball, Janik & Novack, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendants appeal and assign as error the granting of plaintiffs' summary judgment motion on their ejectment claim.[1] We reverse because there are several questions of fact.

■ The affidavit of one of the plaintiffs raises a genuine issue of material fact as to whether plaintiffs knew that the property had been partitioned when the deeds were executed. Under plaintiffs' construction of the agreement, the partition could take place at any time and they were entitled to retain title to Parcel II if the property were partitioned. If plaintiffs knew that the partitioning had been completed in 1981, and subsequently deeded Parcel II to defendants, their conduct could constitute a "waiver" of their right under the agreement to retain title to Parcel II. The trial court erred in granting plaintiffs' summary judgment motion.

■ Defendants also assign error to the trial court's award of attorney fees to plaintiffs on their ejectment claim. Attorney fees are not recoverable in an ejectment action. Defendants were entitled to attorney fees under the contract when they prevailed on their counterclaim.

Reversed and remanded.

---

[1] The judgment declares that plaintiffs are the owners of the property at issue. Defendants raise issues arising from their counterclaim, on which they prevailed. However, they did not preserve error on those issues, except as to attorney fees, and we do not decide them.