CUSICK et ux,
*Respondents,*

*v.*

MEYER et ux,
*Appellants.*

(A8601-0306; CA A48116)

787 P2d 1304

Gary M. Bullock, Portland, for petition.

Sarah J. Ryan, Jacob Tanzer and Ball, Janik & Novack, Portland, *contra.*

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, J., concurring.

**EDMONDS, J.**

Plaintiffs move for reconsideration on the ground that we erred in concluding that defendants are entitled to attorney fees.[1] 98 Or App 358, 359, 779 P2d 198 (1989). We allow the motion, modify our former opinion and adhere to it as modified.[2]

In our original opinion, we reversed and remanded, holding that the trial court had erred in granting plaintiffs' summary judgment motion on their ejectment claim but that "[a]ttorney fees are not recoverable in an ejectment action" and that "[d]efendants were entitled to attorney fees under the contract when they prevailed on their counterclaim." 98 Or App at 359. Plaintiffs argue that the award was "premature [because] there is no prevailing party until all claims and counterclaims have been adjudicated." We agree.

Because the contract here does not provide differently, "prevailing party" means the party in whose favor final judgment is rendered. *See* ORS 20.096(5); *Johns v. Park,* 96 Or App 314, 321, 773 P2d 1328 (1989); *Zidell v. Greenway Landing Devel. Co.,* 89 Or App 525, 528, 749 P2d 1210 (1988). Thus, it is not enough that defendants prevailed on their counterclaim.[3] To be entitled to attorney fees under the contract, they must also prevail in the action. *See Pelett v. Welch,* 71 Or App 761, 763, 694 P2d 574 (1985); *Marquam Investment Corp. v. Myers,* 35 Or App 23, 30-31, 581 P2d 545, *rev den* 284 Or 341 (1978). Because we do not know who will prevail in the action on remand, we should not have awarded attorney fees.[4]

Respondents' motion for reconsideration allowed; decision modified to delete attorney fees award to defendants; adhered to as modified; appellants' motion to strike respondents' reply memorandum denied.

---

[1] Plaintiffs raise a number of meritless grounds that do not require discussion.

[2] Defendants move to strike plaintiffs' reply memorandum in support of their motion for reconsideration. We deny that motion.

[3] Plaintiffs argue that they, not defendants, prevailed on the counterclaim. We do not agree.

[4] Because we do not know whether plaintiffs will prevail on their ejectment claim or in the action, we do not decide whether an ejectment claim based on a contract that contains a provision for an award of attorney fees to the prevailing party gives rise to an award. *See Rivergate Residents Assn. v. Portland Metro Area,* 70 Or App 205, 211, 689 P2d 326 (1984), *rev den* 298 Or 553 (1985).

**WARREN, J.,** concurring.

I concur that our award of an attorney fee is premature at this time, because the prevailing party in the action has not been determined. I write to express disagreement with the majority's suggestion in footnote 4 that plaintiffs on remand might have a basis for an attorney fees award if they become the "prevailing party."

In an action at law, the prevailing party is the party receiving the greater "net" award. *Pelett v. Welch,* 71 Or App 761, 763, 694 P2d 574 (1985). In this case, the court awarded defendants $200 on their counterclaim for damages *under the contract.* Because plaintiffs requested damages on claims that will be reconsidered on remand, it is possible that they will receive an award greater than $200 and thus become the prevailing party. In my view, however, they will not be entitled to attorney fees, because their claims are not claims on the contract.

The contract between the parties contains a provision for attorney fees, but plaintiffs must recover on a claim under the contract in order to have a right to attorney fees under the contract. In their ejectment claim, plaintiffs offered evidence of the contract to prove their allegation that they have a possessory right to a portion of the property, but that does not make their ejectment claim a claim for breach of contract. In *Cascade Steel Fabricators, Inc. v. Citizens Bank of Oregon,* 46 Or App 573, 612 P2d 332 (1980), a promissory note with an attorney fees provision did not authorize an award of attorney fees when a party won an action for bad faith acceleration of the note. The note was only evidence of the bad faith, and no breach of contract was proved.

The cases cited by plaintiffs are inapposite. In *Nylen v. Park Doral Apartments,* 535 NE2d 178 (1989), the court awarded attorney fees to a landlord for an ejectment action based on a breach of contract: The tenant failed to pay rent under the contract. This case only reaffirms the requirement that there be a claim for breach of contract before there is a basis for awarding attorney fees under the contract.

In *Double L. Properties, Inc. v. Crandall,* 51 Wash App 149, 751 P2d 1208 (1988), attorney fees for an ejectment action were not at issue. The parties had a contract for the sale

of real estate. The seller breached the covenant of seizin, because he could not provide good title or the right to possession. In a prior action between the buyer and a third party, the buyer had successfully defended an adverse possession claim and won a counterclaim for ejectment. In the subsequent action for the seller's breach of the contractual covenant of seizin, the court awarded as damages the legal expenses incurred by the buyers in the prior action. The court then awarded the buyers attorney fees under the contract for breach of the covenant.

Both cases cited by plaintiffs support the proposition that attorney fees may be awarded to a prevailing party under a contractual provision for attorney fees, if a breach of contract is proved. Since plaintiffs have alleged no breach of contract, attorney fees may not be awarded to them even if they become the prevailing party in the action.