Argued October 16, affirmed December 13, 1973

ERWIN, *Appellant, v.* THOMAS ET AL, *Respondents.*

516 P2d 1279

*Michael J. Esler* and *Chris P. Ledwidge,* Portland, argued the cause for appellant. With them on the

briefs were Keane, Haessler, Harper, Pearlman and Copeland, David W. Harper and Ledwidge & Ledwidge, Portland.

*Charles R. Holloway III,* Portland, argued the cause for respondents. With him on the brief were Tooze, Kerr & Peterson, Portland.

## DENECKE, J.

A truck the defendant Thomas was driving struck plaintiff's car traveling in the opposite direction and caused personal injury to plaintiff. In the ensuing trial the jury returned a verdict for the defendants and plaintiff appeals.

Plaintiff contends the trial court erred in permitting defendants' counsel, in closing argument, to repudiate an alleged judicial admission made in defendants' opening statement. In his opening statement defendants' counsel stated:

"* * * The evidence will be that Mr. Thomas' car hydroplaned across the center line and ran into the front end of Mr. Erwin's car.

"Now, as counsel said to you yesterday, Mr. Thomas was injured in the accident. And as the Court explained to you yesterday also, before voir dire, Mr. Thomas will not be here for medical reasons, and knows nothing about the facts of the accident. Therefore, as to whether Mr. Thomas was negligent in this case, the defendants will have to rely upon the evidence that is presented by the plaintiff, and we will leave it up to your good judgment as to whether Mr. Thomas was, in fact, negligent, as charged by the Court in his instruction."

In closing argument defendants' counsel argued:

"* * * Now, I, in my opening statement, said we would have to rely upon—we would have to rely

upon their evidence because Mr. Thomas can't help us. Furthermore, I did say that Mr. Thomas was over on the wrong side of the road. That was before I heard the evidence. As I said, I didn't know what the evidence was; we had to rely upon them."

The trial court overruled plaintiff's counsel's objection and defendants' counsel continued:

"As I said, ladies and gentlemen, I did say that; I'm not denying it. But let's assume, or I wish to first explain why it seems that I think the evidence shows that Mr. Thomas was not across the center line."

In his opinion denying plaintiff's motion for a new trial, the trial court commented: "I do not find that the remarks of defendants' counsel in opening statement to the jury amounted to a judicial admission. Rather, I believe the words to be only a prognostication of what the evidence would show." We agree with the trial court.

With reference to admissions of counsel in statements and arguments, Wigmore stated: "It is of the nature of an admission, plainly, that it be by intention an act of waiver, relating to the opponent's proof of the fact, and not merely a statement of assertion or concession, made for some independent purpose." 9 Wigmore, Evidence, § 2594, 596 (3d ed).

We find it apparent from the record that defendants' counsel did not express an intention to waive proof by plaintiff that the defendant went on plaintiff's side of the road. He was stating what he thought plaintiff's evidence would show.

■■ Plaintiff also assigns as error the trial court's refusal to grant him a new trial because "the evidence

was insufficient to justify the verdict." This ruling cannot be attacked on appeal; first, because a denial of a motion for a new trial asserted on such a ground is not appealable and, second, because the plaintiff did not bring this issue to the trial court's attention during the trial by a motion for a directed verdict or by any other means. *Wills v. Petros,* 225 Or 122, 134, 357 P2d 394 (1960); *Paul v. McCudden,* 256 Or 143, 471 P2d 437 (1970). Both of these rules are based upon the promotion of efficient judicial administration.

Affirmed.