SCHMIDT, *Appellant,*

*v.*

DICK et ux, *Respondents.*

(No. 74-1005-L-2, SC 24480)

562 P2d 178

Frederic H. Starkweather, Jr., Gold Beach, argued the cause for appellant. With him on the brief was Brophy, Wilson & Duhaime, Medford.

Paul D. Clayton, Eugene, argued the cause for respondents. With him on the brief was Luvaas, Cobb, Richard & Fraser, Eugene.

Before Holman, Presiding Justice, and Bryson, Linde, and Mengler, Justices.

HOLMAN, J.

## HOLMAN, J.

This is an action for damages for personal injuries arising out of an automobile accident. Plaintiff appeals from a judgment for defendants based upon the special verdict of a jury which found defendants not guilty of negligence which was a cause of the accident.

Defendant Wayne Dick was driving a Jeep pickup truck which was pulling a house trailer in a southerly direction on Highway I-5 in Douglas County, near Curtin, Oregon. The highway was composed of two lanes of traffic in each direction separated by a narrow median strip. He was followed by his wife, defendant Florence Dick, who was driving the family passenger car. Both defendants were engaged in a family project of moving back to their regular home after having been temporarily absent due to employment in another area. The posted speed on the highway at that time and place was 70 miles per hour. Defendant Wayne Dick was traveling at 50 to 55 miles per hour in the outside southbound lane of traffic when he accelerated and drove into the inside lane to overtake and pass a vehicle ahead of him. As he was doing so, the trailer swayed back and forth to the extent that the Jeep went out of control and crossed over the median strip into the inside northbound lane, colliding head on with a station wagon which was thereby thrown into the outside northbound lane. Plaintiff was operating her Volkswagen automobile, behind the station wagon, in the outside northbound lane. To avoid the station wagon, which had been thrown into her lane of traffic, she drove to the right, off the surfaced portion of the highway, through a ditch and up a slope, where she came to rest in an upright position. It was apparent from the condition of the left front portion of her vehicle that she was only partially successful in avoiding the station wagon, although she was unable to say what it was that made contact with her vehicle. This action was brought to recover for her alleged injuries.

There was testimony from defendants that prior to the attempt to pass, the trailer had not been swaying, no difficulty had ever been experienced with it, and the trailer hitch and tires had been checked some 45 miles earlier. After the accident the left rear tire of the Jeep was found to be flat. There was evidence from which it could be found that the flat resulted from a cut running across the tread through which one could push his fingers. It was one of defendants' theories, which was argued to the jury, that a sudden and unpredictable injury to the tire on the Jeep had caused the towed vehicle to sway and the resultant loss of control.

■ Plaintiff assigns as error the trial court's failure to grant her motion made at the conclusion of the testimony:

> "* * * I would move the Court to remove from the consideration of the Jury any testimony or reference to the tire or the cut in the tire in that there has been absolutely no evidence to connect it, other than speculation, with any cause of the accident. There has been no evidence offered as to how or when the tire was cut, other than after the accident sometime there was a tire that was flat, and that subsequently there was a cut in the tire. The only way that a jury could arrive at negligence (sic) from this would be to speculate that there was something in the road, something that was unobserved in the road, that this something cut the tire, that the tire thereupon immediately lost its air and this accident happened, and therefore I feel that all the testimony and reference to the tire should be excluded from the consideration of the Jury."

There was no basis upon which to strike the testimony, and the court properly denied the motion. The defective condition of the tire and a host of other conditions were shown by either exhibits (pictures) or oral testimony to be immediately present after the accident. As such, evidence of the condition of the tire was admissible, as was evidence of all the other conditions then and there existent.

Plaintiff's contention on appeal is that defendants were operating their vehicle on the wrong side of the highway, which operation is prohibited by statute; therefore, they were guilty of negligence as a matter of law because the testimony concerning the tire was insufficient evidence from which the jury could find that defendants were exercising reasonable care, despite their violation of the statute. *Barnum v. Williams,* 264 Or 71, 504 P2d 122 (1972).

■ The proper way to raise this question is to move for a directed verdict on the issues of negligence and causation. Instead of doing this, plaintiff made a motion to strike admissible testimony; following denial of the motion, she allowed the issue of defendants' negligence as the cause of the accident to be submitted to the jury without objection. Now that the jury has decided that defendants were not guilty of negligence which caused the accident, plaintiff belatedly contends that defendants were guilty of negligence as a matter of law. Her contention, even if well taken, comes too late.

■■ When there is insufficient evidence to justify a verdict but the issue is not raised by a motion for a directed verdict or by a request for instructions directing a verdict, the error is waived and is not subject to review. See *Erwin v. Thomas,* 267 Or 311, 313-14, 516 P2d 1279 (1973); *Paul v. McCudden,* 256 Or 143, 144, 471 P2d 437 (1970). The only contention which plaintiff can make is that she did call the issue to the trial court's attention by her motion to strike the evidence. However, that motion was neither well taken nor sufficient to require the trial court on its own motion to take the issues of defendant's negligence and causation from the jury. Because the question was not properly raised, we need not decide whether there was sufficient evidence to submit to the jury the issue whether defendants were acting as reasonably prudent persons, despite their violation of the statute.

An hour after the jury had retired to deliberate, it

returned to the courtroom with a note for the judge, whereupon the following took place:

"THE COURT: Who is the foreman?

"JUROR EDNA BARTELL: We didn't pick one.

"JUROR WILLIAM CRAIN: She wrote it.

"THE COURT: I don't think you realize it, but I think you have just been elected foreman. You don't understand my definition of negligence, is that the question?

"JUROR EDNA BARTELL: Yes, there is a disagreement."

Plaintiff claims that the person who was referred to as the writer of the note and the one who was indicated by the judge as having just been elected foreman were the same person—a juror by the name of Joan Bristol, who subsequently signed the verdict as foreman. This is not controverted by defendants. Plaintiff assigns as error the court's apparent designation of Joan Bristol as foreman. She argues that this was particularly prejudicial because, in questioning the jurors during voir dire, the court indicated in the following manner that Joan Bristol had particular knowledge about negligence issues:

"THE COURT: You didn't realize when you took my class that you were going to apply your knowledge so quickly, did you? I should point out to Counsel that I taught a class, I teach at Southern Oregon, and Miss Bristol did take my evening class, and we did talk about negligence and comparative negligence in that class as far as teachers' responsibility to their students."

The following exchange subsequently took place on voir dire between the juror and one of the attorneys:

"Q. The course that you had apparently included the term 'negligence' and 'comparative negligence.' Do you recall that?

"A. Yes.

"Q. Do you think you understand at this point, can you remember back some of the things that were taught to you so that you have some understanding what comparative negligence means and how to apply it?

"A. I believe so."

The juror was questioned further by both attorneys and passed without challenge. The court's apparent appointment of the juror as foreman was likewise unchallenged.

■ There is no statutory law which provides the manner in which a foreman is to be selected. By custom the jury is instructed to select their own foreman. Even assuming that the trial court had no authority to do as it did, we see no prejudice resulting therefrom. In any event, no objection was made by which the court was alerted to the possible impropriety of its action and thereby given the opportunity to rectify the situation.

■ Immediately following the colloquy set forth above between the judge and the jurors after their return to the courtroom for additional instructions, the court gave the jurors, at their request, the definition of negligence and of a reasonably prudent person. Thereafter, the following transpired:

"JUROR JOAN BRISTOL: Then maybe you can answer this question: A person can cause something and not be negligent, is that what the definition is?

"THE COURT: Yes, they can cause something—

"JUROR JOAN BRISTOL: Can there be fault without negligence?

"THE COURT: No, fault necessarily includes negligence, if I understand the question. I hestitate to go into it too much, I am going to get myself in trouble with the Supreme Court if I do. This is an acceptable definition. Do you think this helps? Can you work with that now?

"JUROR JOHN DIMICK: Can you restate the answer to her question?

"JUROR JOAN BRISTOL: I asked can you cause something without being negligent?

"THE COURT: Yes, but in order for there to be fault there has to be both negligence and cause, but you can have cause and negligence both which give fault. Is that clear?

"JUROR JOHN DIMICK: Thank you.

"(REPORTER'S NOTE: Thereupon the Jury retired to the jury room.)

"THE COURT: Now, did I say anything that you want to take exception to?

"MR. STARKWEATHER: Yes, I except to the statement on cause without fault because it is not a complete definition of unavoidable accident. It is actually inviting the Jury to speculate that there could be in this, to tie into this case, that there could be a cause but it wouldn't be fault because of some reason or other. There is no evidence here to support it, and it isn't a proper explanation of unavoidable accident. I would except to that explanation to the Jury.

"THE COURT: Are you disagreeing that there has to be both negligence and cause before you have fault?

"MR. STARKWEATHER: No, not with that, but I disagree [in] that there was only a partial definition and a great oversimplification of the law on the matter.

"THE COURT: Well, do you want me to give them a reinstruction on proximate cause?

"MR. STARKWEATHER: No, I just don't think, I think we are getting into a speculative area; in other words, we are all of a sudden into a nofault-type, or an unavoidable situation where we have no evidence for instructions, or argument on it, and we are into this without, as I say, I have not completely researched it, as this came up suddenly, but it is not a proper instruction. I think it is an oversimplified instruction on unavoidable accident, if there is such a thing. I am not sure if there is.

"THE COURT: Well, I guess I understand the exception. I don't know what more I can do. I answered the question the best I could. If I erred, I erred."

In retrospect, one can see that what plaintiff's attorney probably had in mind was that the reinstruction was incomplete and improper in not mentioning violation of a statute as negligence, and in inferring, by the giving of such reinstruction, that there was evidence from which the jury could find that defendants were without fault, despite their violation of the statute which prohibits the operation of their vehicle on the wrong side of a highway. However, this was not made sufficiently plain to merit review on this ground. It is

apparent from the trial judge's responses to plaintiff's exception that he did not understand the points which plaintiff's attorney was attempting to make. This is not surprising, considering that the trial judge had already, in his regular instructions to the jury, submitted the case without objection as if there was evidence from which the jury could find that defendants were not at fault, despite their violation of the statute.

The judgment of the trial court is affirmed.

**LINDE, J.,** dissenting.

The colloquy between court and jury quoted in the majority opinion shows that the jury were uncertain about the basis of liability in this case. The brief dialogue between the judge and juror Joan Bristol, his former student, was too cryptic to resolve that uncertainty.

The jurors' question whether there could be fault without negligence suggests that they either had not comprehended or did not recall the court's earlier instruction that the statute forbidding a vehicle to cross the dividing section of the highway was a sufficient basis to find defendant at fault in some degree. If the court was going to reinstruct the jury in response to their questions, it was incumbent upon him to include all the pertinent elements of the issue before them, including the effect of the statute.

The majority does not disagree that it was error to give the partial and incomplete reinstructions quoted in the opinion, but it holds the inarticulateness of plaintiff's counsel to blame for the result. Certainly counsel's objection was not well articulated. The request to comment on the court's informal dialogue with the jury caught him unprepared. However, he did object that the court's statements were "only a partial definition and a great oversimplification." This should have sufficed to cause the court to take care that his renewed instructions gave the jury a complete and

coherent account of the law on the issue that troubled them.

Accordingly, I would reverse and remand for a new trial.