Argued August 29, affirmed October 29, 1979

# MILLARD, et ux,
## *Respondents,*
### *v.*
# SMEDES,
## *Appellant.*

# (No. 77-2666-L-2, CA 12733)

601 P2d 908

Sidney Ainsworth, Ashland, argued the cause for appellant. On the brief was Jack Davis, Ashland.

Thomas Howser, Ashland, argued the cause for respondents. With him on the brief was Cottle, Howser, Hampton & Cue, Ashland.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals the judgment on a jury verdict awarding plaintiffs $8,000 plus $2,500 in attorney fees in an action for misrepresentation in the sale of defendant's ranch.

On December 31, 1975 the parties entered into an earnest money agreement involving the sale to plaintiffs of defendant's ranch in Jackson County. The ranch had an irrigation system which was partially underground. The system could not be tested in the winter and was not in use during the negotiations for the sale of the ranch. After plaintiffs moved onto the property and attempted to use the system in the spring, they found it to be unworkable and in need of substantial repairs.

Plaintiffs filed suit claiming defendant had misrepresented the condition of the irrigation system during their negotiations, and sought attorney fees in addition to damages.[1]

Defendant asserts plaintiffs failed to prove misrepresentation. Defendant, however, did not make a motion for directed verdict or nonsuit on that ground during the trial and is, therefore, precluded from raising the issue on appeal. *Columbia Truck Sales, Inc. v. Humphrey,* 281 Or 705, 576 P2d 373 (1978); *Verret Construction Co. v. Jelco Inc.,* 280 Or 793, 572 P2d 1029 (1977); *Schmidt v. Dick,* 277 Or 759, 763, 562 P2d 178 (1977); *Erwin v. Thomas,* 267 Or 311, 516 P2d 1279 (1973).

Defendant did move for nonsuit on the ground that plaintiffs failed to prove the amount of damages actually sustained. Defendant assigns as error the trial court's failure to grant that motion. Plaintiffs' evidence of damages consisted primarily of testimony as to the amounts they had thus far expended in attempting to repair the irrigation system and the cost

---

[1] At trial there was also a contract claim and counterclaim which are not at issue here.

to complete the repairs. Defendant did not challenge the cost of repair as the applicable measure of damages and the trial was conducted on that basis. Defendant contends, however, that plaintiffs did not establish their damages with reasonable certainty. Certain of the invoices upon which plaintiffs based their testimony of the costs they had incurred did include some items not used in repairing the irrigation system. Defendant's counsel, however, brought these items to the attention of the jury. The record contains sufficient evidence of the repair costs to support an award by the jury of $8,000.

Defendant, relying on *Bliss v. Anderson,* 36 Or App 559, 585 P2d 29, 37 Or App 773, 588 P2d 112 (1978), *rev den* (1979), claims that the award of attorney fees by the trial court was error. We disagree.

■ Here, unlike *Bliss,* the plaintiffs have affirmed the contract, and the parties to the contract and the parties to the action on the misrepresentation are the same. The contract between them allows an award of attorney fees to the prevailing party in any action "in connection with" the contract. Plaintiffs, in affirming the contract and seeking the benefit of what they bargained for, are asserting a claim "in connection with" the contract and the award of attorney fees is affirmed.

Affirmed.