Argued and submitted June 1, affirmed as modified July 8, 1987

**MURRAY,**
*Respondent - Cross-Appellant,*

*v.*

**JOHNSON,**
*Appellant - Cross-Respondent.*

(16303; CA A40332)

738 P2d 1005

John F. Cushman, Hood River, argued the cause and filed the briefs for appellant - cross-respondent.

Arthur Knauss, Milwaukie, argued the cause and filed the brief for respondent - cross-appellant.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

WARDEN, P. J.

## WARDEN, P. J.

In this action for dissolution of a partnership and an accounting, defendant appeals from a judgment entered on the basis of evidence from an appraisal stipulated to by the parties, and plaintiff cross-appeals. We modify in part on the appeal and affirm on the cross-appeal.

Plaintiff and defendant entered into a joint venture to purchase, subdivide and sell a tract of real property. Defendant was the managing partner. Plaintiff sued to dissolve the partnership and to require defendant to account as to partnership affairs.

The matter first came to trial on September 22, 1982. At that time, the parties entered into a stipulation in open court. They agreed on the relative interests that each party held in the partnership and how their dispute was to be resolved.[1] After several attempts by defendant to set aside the stipulation and the appraisals made thereunder, the trial court entered judgment for plaintiff on the basis of the appraisers' report. Plaintiff was also awarded $6,000 for a water well that he had drilled on the Mosca parcel (the Mosca well). Defendant assigns as errors the admission in evidence of the report of the appraisers and the award for the Mosca well. We review *de novo*. ORS 19.125(3); *Wright v. Ogle,* 283 Or 505, 507, 584 P2d 737 (1978); *Roesch v. Wachter,* 48 Or App 893, 895, 618 P2d 448 (1980).

A stipulation agreed to in open court "is a contract and cannot be set aside except on grounds adequate to justify the rescission of a contract." *Kleiner v. Randall,* 58 Or App 126, 131, 647 P2d 956 (1982); *see Westfall v. Wilson,* 255 Or 428, 431, 467 P2d 966 (1970). To set aside such a stipulation requires a showing of fraud, mutual mistake or the actual absence of consent. *Westfall v. Wilson, supra.* Here, defendant

[1] Each party agreed to appoint an appraiser. The appraisers were to determine whether defendant sold the parcels of the partnership's subdivided property at prices that a "reasonably prudent" developer would have charged. If he sold the parcels for less than would have been charged according to that standard, defendant would have to account for plaintiff's share of the difference between the actual sale price and the price at which the appraisers agreed a reasonably prudent developer would have sold the parcels. The appraisers agreed that defendant had sold several parcels of the property for less than a reasonably prudent developer would, and their joint report set forth their agreed price differentials.

stipulated in open court, on the advice of counsel and after careful discussion with the court as to the contents of the stipulation. We conclude that there was no absence of consent or mutual mistake, and defendant presented no evidence of fraud. The trial court did not err in admitting in evidence the report which the appraisers made pursuant to the parties' stipulation or in entering judgment for plaintiff on the basis of that evidence.[2]

Defendant contends that the trial court erred in awarding plaintiff $6,000 for the Mosca well. We agree. The only evidence concerning the well is Exhibit 3, which states that the amount due for the Mosca well was "shown as a liability of the joint venture." Because there was no evidence indicating that the cost of that well was a personal obligation of defendant, we delete that portion of the judgment.

We have considered the issues raised by plaintiff on cross-appeal, and they have no merit.

Judgment modified to delete award of $6,000 for Mosca well; affirmed as modified on appeal and cross-appeal.

---

[2] Defendant's other arguments concerning the stipulation and the appraisals have no merit.