STATE ex rel ADULT AND FAMILY
SERVICES DIVISION,
*Respondent,*

*v.*

BUETHE,
*Appellant.*

(D1188; CA A43062)

753 P2d 429

Ronald Allen Johnston, Portland, argued the cause for appellant. With him on the brief were Ronald K. Schaffner, Kathryn S. Augustson and Ronald Allen Johnston & Associates, Portland.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

WARDEN, P. J.

## WARDEN, P. J.

In this filiation proceeding, the trial court entered a judgment establishing paternity and ordering appellant to make support payments for the child. Appellant appeals, and we affirm.

In May, 1986, the parties reported in open court that they had reached an agreement to settle the case. The state's attorney recited the terms of the settlement agreement, and appellant's counsel, after adding two amendments to which the state's attorney acceded, agreed with the terms set forth. After hearing the terms of the agreement, the trial court asked appellant if he approved it and he answered affirmatively.[1] The trial court then approved the agreement as recited in open court. After an attempt by appellant in December, 1986, to set aside the agreement, the trial court entered the judgment establishing paternity and incorporating the terms orally agreed to in May.[2]

---

[1] The following colloquy took place in open court:

"[Attorney for state]: The agreement we have reached is that the State agrees to waive past support for the child, [child's name]. We have agreed to waive birth costs. In return for that, Mr. Beuthe [sic] [respondent] has agreed to stipulate to the paternity of the child and to pay a hundred dollars a month current support. He's also agreed to pay four hundred and twenty dollars to reimburse the State for blood tests, and five hundred dollars for attorney fees incurred by the State, and those two should be entered as a judgment against Mr. Buethe and they can be paid together at the rate of twenty-five dollars a month. And the full judgment will not be executed against Mr. Buethe as long as he makes the monthly payments.

"In addition, Mr. Buethe has agreed to provide medical and dental coverage for the child as long as it's available to him at a cost of less than ten dollars a month.

"I think that's everything.

"THE COURT: Is that your understanding of the agreement?

"[Counsel for appellant]: Two small things I would add. Medical and dental is through his employment at a cost of not more than ten dollars a month. And that the judgment would run at no interest.

"[Counsel for state]: Yes.

"THE COURT: Is that your understanding, counsel?

"[Counsel for state]: Yes, that's correct.

"THE COURT: Okay. Does that meet with your approval, Mr. Beuthe [sic]?

"MR. BUETHE: Yes, sir.

"THE COURT: Very well."

[2] At the December hearing, the court stated, and counsel for both the state and respondent confirmed, that "the parties [had] negotiated at some length and reached a settlement and that settlement was placed on the record * * *." Then, after discussing

■ Appellant, relying on ORS 109.155(1), contends that the trial court erred in entering the judgment in the absence of a written admission of paternity by him. ORS 109.155(1) provides:

"The court or the jury, in a private hearing, shall first determine the issue of paternity. If the [appellant] admits the paternity, such admission shall be reduced to writing, verified by the [appellant] and filed with the court. If the paternity is denied, corroborating evidence, in addition to the testimony of the parent or expectant parent, shall be required."

That section, when read in isolation, appears to support appellant's contention that a written admission of paternity is required. However, ORS 109.155(2) provides, in pertinent part, that "[t]he court may approve *any* settlement agreement reached between the parties and incorporate the same into any decree rendered * * *." (Emphasis supplied.) That is precisely what the trial court did here.

■ ORS 109.155(1) does *not* require a "verified" written admission of paternity to be filed with the court when, under ORS 109.155(2), a negotiated settlement agreement has been stipulated to in open court. Here, appellant, with the advice of counsel, stipulated to the settlement after a thorough discussion of the specifics. Incorporation of the agreement into the judgment establishing paternity and ordering the agreed support payments for the child comports with ORS 109.155(2). The trial court did not err in entering the judgment on the basis of the stipulated settlement agreement. The judgment based on that agreement, being in the nature of a contract and approved by the court, can be set aside only on grounds adequate to justify rescission a contract. *State ex rel Adult & Family Ser. v. Hansen,* 54 Or App 47, 50, 634 P2d 256 (1981); *see Murray v. Johnson,* 86 Or App 295, 297, 738 P2d 1005 (1987). The facts of this case provide no such grounds.[3]

Affirmed.

---

respondent's objections and reiterating that the negotiated settlement agreement had been stipulated to in open court, the trial court asked the state to submit an order conforming to the agreement.

[3] We have considered and reject appellant's other assignments of error.