Argued and submitted September 6, decision of the Court of Appeals reversed and remanded for further proceedings November 1, 1988

## STATE ex rel
## ADULT AND FAMILY SERVICES DIVISION,
*Respondents on Review,*

*v.*

## BUETHE,
*Petitioner on Review.*

## (TC D1188; CA A43062; SC S35210)

763 P2d 723

Ronald Allen Johnston, Portland, filed the petition and argued the cause on behalf of the petitioner on review. With him on the petition were Kathryn S. Augustson and Ronald Allen Johnston & Associates, Portland.

Rives Kistler, Assistant Attorney General, filed the response and argued the cause on behalf of the respondent on review. With him on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GILLETTE, J.

### GILLETTE, J.

Pursuant to a filiation petition filed by the State of Oregon Adult and Family Services Division (AFSD),[1] the Circuit Court of Clackamas County entered a judgment establishing paternity and ordering the putative father, John Lee Buethe (hereafter "defendant"), to make support payments. Defendant appealed to the Court of Appeals, arguing that the judgment of paternity was invalid because, although defendant orally had acknowledged paternity in open court, the judgment was not based on his written admission, as required by ORS 109.155(1). The Court of Appeals affirmed. *State ex rel AFSD v. Buethe,* 90 Or App 516, 753 P2d 429 (1988). We granted defendant's petition for review, and now reverse.

■ On May 7, 1986, the parties reported in open court that they had settled the case. Counsel for AFSD recited the terms of the settlement and defendant's counsel, after adding two clarifying amendments to which the state agreed, accepted the settlement. After hearing the terms of the settlement, defendant, in response to a question from the court, gave his assent.[2] The trial court then approved the agreement.

---

[1] ORS 109.125(1) provides:

"Any of the following may initiate [filiation] proceedings under this section:
"* * * * *

"(b) Any state agency, if furnishing support to the mother for the benefit of the child or if furnishing services or assistance of any kind because of the birth, or impending birth, of that child * * *."

[2] Or so we assume from the very sparse record. The transcript of the hearing reads:

"[Counsel for AFSD]: The agreement we have reached is that the State agrees to waive past support for the child, [child's name]. We have agreed to waive birth costs. In return for that, Mr. Buethe has agreed to stipulate to the paternity of the child and to pay a hundred dollars a month current support. He's also agreed to pay four hundred and twenty dollars to reimburse the State for blood tests, and five hundred dollars for attorney fees incurred by the State, and those two should be entered as a judgment against Mr. Buethe and they can be paid together at the rate of twenty-five dollars a month. And the full judgment will not be executed against Mr. Buethe as long as he makes the monthly payments.

"In addition, Mr. Buethe has agreed to provide medical and dental coverage for the child as long as it's available to him at a cost of less than ten dollars a month.

"I think that's everything.

"THE COURT: Is that your understanding of the agreement?

"[Counsel for defendant]: Two small things I would add. Medical and dental is through his employment at a cost of not more than ten dollars a month. And the

In a subsequent hearing on December 15, 1986, prior to the entry of judgment, defendant, through counsel, attempted to withdraw the stipulation.[3] The trial court did not permit the withdrawal. Instead, it entered a judgment establishing paternity and incorporating the settlement terms orally agreed to in May.

ORS 109.155(1) provides:

"The court or the jury, in a private hearing, shall first determine the issue of paternity. *If the respondent admits the paternity, such admission shall be reduced to writing, verified by the respondent and filed with the court.* If the paternity is denied, corroborating evidence, in addition to the testimony of the parent or expectant parent, shall be required." (Emphasis added.)

In the present case, no evidence was presented to a trier of fact. Neither did defendant sign a verified admission of paternity. It was error to adjudge defendant to be the father under such circumstances. ORS 109.155 is phrased in mandatory language: "such admission shall be reduced to writing." The trial court is not granted discretion to accept an oral admission in lieu of a written one.

■ The Court of Appeals upheld the circuit court judgment by relying on ORS 109.155(2), but in doing so ignored the first sentence of that subsection. ORS 109.155(2) provides:

"If the court or jury finds, from a preponderance of the evidence, that the petitioner or the respondent is the father of the child who has been, or who may be born out of wedlock, the court shall then proceed to a determination of the appropriate relief to be granted. *The court may approve any settlement agreement reached between the parties and incorporate the same into any decree rendered, and it may order such investigation or the production of such evidence as it deems*

---

judgment would run at no interest.

"[Counsel for AFSD]: Yes.

"THE COURT: Is that your understanding, counsel?

"[Counsel for AFSD]: Yes, that's correct.

"THE COURT: Okay. Does that meet with your approval, Mr. Buethe?

"MR. BUETHE: Yes, sir.

"THE COURT: Very well."

[3] Defendant was not personally present at the December hearing.

*appropriate to establish a proper basis for relief."* (Emphasis added.)

The Court of Appeals relied on the emphasized portion. The Court of Appeals ruled that the circuit court efficaciously could approve *any* settlement, including one in which paternity was admitted orally, without obeying the verification requirement of ORS 109.155(1). Subsection (2), however, is not by its terms applicable until *after* the court has determined paternity under subsection (1). ORS 109.155(1) reflects a legislative intent that a finding of paternity be made only when there is strong supporting evidence. The uncorroborated word of the mother, for example, is not enough. Similarly, when the putative father admits paternity, the legislature requires that admission to be in a clear, uncontrovertible form. No casual admission will do. It must be in writing and under oath.[4] The trial court erred.

■        A judgment will be reversed on appeal only if the error substantially affected the rights of the party. ORS 19.125(2). In this case, AFSD argues that the failure to reduce defendant's admission of paternity to writing in May was harmless, because it would not have advanced the purposes of ORS 109.155(1) in any material respect. This argument misunderstands the nature of the issue in question. Requiring defendant to sign a verified admission of paternity would not have made him more likely to be the father of the child, but it would have provided a clear record of his admission, thereby avoiding complications like the present appeal. More importantly, the error of which defendant complains is not the failure to reduce his admission to writing in May, but rather the entering of a judgment without the writing in December. Obviously, improperly depriving defendant of a trial on the merits in December substantially affected his right to a jury trial.

The decision of the Court of Appeals is reversed. The case is remanded for further proceedings.

---

[4] The legislative history is incomplete and not entirely clear, but apparently the Senate Judiciary Committee did consider and reject an alternative provision allowing an oral judicial admission to support a finding of paternity. Minutes, Senate Judiciary Committee, May 14, 1969, pp 1-3, 7-8.