Argued and submitted June 3, order modifying visitation vacated
December 26, 1991, reconsideration denied February 19, petition for review
denied April 28, 1992 (313 Or 211)

In the Matter of the Marriage of

Marlene Lorraine WYLDE,
now known as Marlene Lorraine Hall,
*Appellant,*

*and*

Spencer Ward ALPERT,
*Respondent.*

(15-80-05048; CA A66709)

823 P2d 429

Laura Graser, Portland, argued the cause and filed the brief for appellant.

Jack A. Gardner, and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene, filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## RICHARDSON, P. J.

Mother appeals an order modifying the dissolution judgment respecting visitation by father with the parties' minor child. We vacate the order.

Father initiated a contempt proceeding alleging that mother had violated the dissolution judgment regarding visitation. During the hearing on the motion, the parties indicated to the court that they had reached an understanding regarding some of the issues respecting visitation. Father's counsel stated to the court:

> "The decree will be modified to provide that there will be no geographical restriction on any visit by the father within the United States. The present overseas restrictions on visitation will continue in effect [for] the present time."[1]

The court, over mother's written objection, signed an order based on the stipulation modifying the judgment.

Mother contends that she did not agree to the modification, that a modification on the basis of a stipulation cannot be made unless the stipulation is in writing and that, in any event, the modification is not consistent with the stipulation.

ORS 107.174(1) provides, in part:

> "Except as otherwise provided in this subsection, the court shall order modification under ORS 107.135 of so much of a decree as relates to the visitation of a minor child, if the parents submit to the court a notarized stipulation signed by both of the parents and requesting such modification together with a form of order."

Father concedes that the statute was not followed but argues that it does not provide the exclusive form of a stipulation to a visitation modification. We disagree.

In *State ex rel AFSD v. Buethe*, 307 Or 89, 763 P2d 723 (1988), the court held that a stipulation regarding paternity had to be reduced to writing and verified as required by ORS 109.155(1). The putative father's oral admission of paternity in court was not sufficient. The same conclusion applies under ORS 107.174(1). When the legislature has

---

[1] Mother has custody of the child, and father lives in New York.

mandated a particular procedure for stipulated modification of child visitation, neither the parties nor the courts are free to disregard it.

Order modifying visitation vacated.