## STATE OF OREGON,
*Respondent,*

*v.*

## CHARLIE MONROE SUGGS,
*Appellant.*

(10 90 09729; CA A69737)

850 P2d 388

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant appeals convictions for two counts of attempted murder, ORS 161.405; ORS 163.095, assault in the first degree, ORS 163.185, and assault in the second degree. ORS 163.175. He contends that the trial court erred in allowing a police officer to testify about statements that defendant made after his arrest. He also argues that the court erred in ordering consecutive sentences without making the requisite findings. We affirm.

Defendant shot two men in a parking lot. Defendant and the victims had been drinking. Approximately 90 minutes after the shooting, Officer Rainey interviewed defendant about the incident.

Defendant's defense was that he was too intoxicated to have formed the requisite intent for the crimes charged. At a pretrial hearing, the state moved to exclude the statements that defendant made to Rainey during the interview. The prosecutor represented that he would not elicit from Rainey, in the state's case-in-chief, any of defendant's statements and stated that he wanted to prevent defendant from doing so on cross-examination. Defendant argued that his statements during the interview were relevant to his defense, because they indicated that he was intoxicated. The court ruled that, if the state did not bring up defendant's interview with Rainey on direct examination, defendant would not be allowed to broach the subject during cross-examination. The court, however, recognized that Rainey's testimony was relevant to defendant's case and indicated that defendant could call Rainey as a witness.

The state called Rainey as a witness, but did not elicit testimony from him regarding the interview. However, just prior to resting its case, it recalled Rainey and pursued that line of questioning. Defendant objected on the basis of the pretrial ruling. The state argued that it had changed its strategy and wanted to elicit testimony regarding the interview as part of its case-in-chief. Although the court chastised the prosecutor for not honoring his representation, it allowed the state to recall Rainey. He testified that, based on the statements during the interview, defendant appeared to be intoxicated but "coherent."

Defendant argues that the court erred in allowing Rainey to testify about his interview with defendant, because the state, by its representations, had made a binding "stipulation" that it would not use any evidence about Rainey's interview of defendant. Such a stipulation, he contends, cannot be set aside unless there is a showing of "fraud, mutual mistake or the actual absence of consent." *Murray v. Johnson*, 86 Or App 295, 297, 738 P2d 1005 (1987). The state argues that its representations did not create a binding stipulation.

We agree with the state that there was no stipulation that prevented the state from introducing Rainey's testimony regarding the interview. There is no evidence of an agreement between the state and defendant as to the introduction of the disputed evidence. *See Murray v. Johnson, supra*, 86 Or App at 297-98. The state did not formally stipulate that it would not put on the evidence. *See Kuhns v. Standard Oil Co.*, 257 Or 482, 507-08, 478 P2d 396 (1971).

In general, the trial court has discretion as to the presentation of evidence. OEC 611(1). The court's pretrial ruling was that, if the state limited its examination of Rainey in its case in chief, defendant was similarly limited on cross-examination. The court did not exclude Rainey's testimony regarding defendant's statements. Defendant did not otherwise challenge the admissibility of Rainey's testimony. After Rainey testified, defendant had the opportunity to cross-examine him again and elicit the statements that were favorable. The trial court did not err by allowing Rainey to testify about the interview.

In his second assignment, defendant argues that the trial court erred in imposing consecutive sentences without making the requisite findings pursuant to ORS 137.123(4). We decline to review the assignment, because he failed to preserve the question below. *State v. Crane*, 109 Or App 217, 218, 817 P2d 771 (1991).

Affirmed.