Argued and submitted March 31, affirmed June 9, 1993

EUGENE GERALD RUSSELL,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

(CA A69286)

853 P2d 1343

Judicial Review from Board of Parole and Post-Prison Supervision.

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Edmonds and De Muniz, Judges.

EDMONDS, J.

## EDMONDS, J.

Petitioner seeks review of the Board of Parole's order that revoked his parole, set a new release date and reinstated his prior parole conditions. He argues that the condition that requires him to pay restitution to the victims' insurance company cannot be imposed, because he has satisfied his restitution obligation as the result of a settlement. We affirm.

In 1983, petitioner caused a fatal automobile accident and was convicted of manslaughter II, assault III and reckless endangering. The court sentenced him to serve a term of imprisonment not to exceed ten years with a five year minimum and ordered him to pay restitution of $23,874 to the victims' insurance company. ORS 137.101. That amount was to reimburse the insurance company for the disbursements it had made to the victims as the result of the accident. Petitioner's insurance company settled a civil action against petitioner arising out of the accident by paying $150,000 to the victims.

In 1988, the Board released petitioner on parole subject to several conditions, including that he pay the restitution. After his release, petitioner paid a total of $1,036 to the victims' insurer. In 1990, petitioner was arrested for driving under the influence and his parole was revoked. The Board's order established a new release date and said: "Parole conditions and supervision period [are] to remain as previously imposed."

Petitioner sought administrative review of this order on the ground that the restitution condition could not be imposed because he had satisfied the obligation underlying the condition.[1] The Board denied his objection. It said:

> "The copy of the check you have enclosed shows a payment to the victim's estate in the amount of $150,000. If this would somehow satisfy the restitution amount mentioned in the sentencing order, the Board will need documentation to that effect from the court or the court clerk."

Petitioner seeks review before this court. On his motion, we supplemented the record to include copies of

---

[1] Petitioner also sought review because the order incorrectly stated his arrest date. On review, the Board corrected that error.

release agreements signed by the victims in 1985. Petitioner claims those agreements evidence the satisfaction of his obligation.[2] It is disputed whether those agreements were part of the record before the Board when it revoked petitioner's parole and reinstated the prior conditions. The Board argues:

"Although it appears from the face of the releases that the obligation to [the victims' insurer] has been satisfied, that fact should be established and announced by the sentencing court, and until it has done so, the Board should be justified in presuming that the restitution obligation is still outstanding."

ORS 144.270 authorizes the Board to establish conditions of parole. OAR 255-65-005(1)[3] regulates the establishment of restitution as a condition of parole when a person has been sentenced to pay restitution under ORS 137.106. It requires the Board to make payment of restitution a condition of parole if unpaid at the time of release. The Board is required to furnish to the sentencing court a copy of the schedule of payments and any modifications. OAR 255-65-005(5). Payment is to be made to the clerk of the county of sentencing and the supervising officer notifies the Board of any default. OAR 266-65-015(1).

We hold that the Board is correct when it asserts that it is required to impose restitution as a condition of parole until such time as it receives appropriate evidence that the sentencing court deems the obligation satisfied. The language in OAR 255-65-005(1) is mandatory. *See State ex rel AFSD v. Buethe*, 307 Or 89, 92, 763 P2d 723 (1988). Petitioner's remedy is to seek an order from the sentencing court demonstrating that he has satisfied that part of the sentence.

Affirmed.

---

[2] The restitution condition was originally imposed by the Board's Order of Parole in 1988, three years after the releases were signed. Because the state does not make the argument, we do not decide whether petitioner's failure to appeal that order precludes the appeal of this order.

[3] OAR 255-65-005(1) provides:

"When a person has been sentenced pursuant to ORS 137.106 to pay restitution for a crime committed after October 4, 1977, and any portion of that payment is deferred until after release from imprisonment, *the Board shall establish restitution as a condition of a parole* or post-prison supervision. Restitution must be for a specific amount to a specific party and must be noted as restitution in the court order." (Emphasis supplied.)