Argued and submitted March 17, 1993, affirmed March 2, 1994

# STATE ex rel ADULT AND FAMILY SERVICES DIVISION,
*Respondent,*

*v.*

## David Eugene EVANS,
*Appellant,*

*and*

## Corrine K. MORRIS,
*Co-Respondent Below.*

(606; CA A73314)

869 P2d 891

Maurice L. Russell II argued the cause for appellant. With him on the brief were Churchill, Leonard, Brown, Lincoln, Lodine & Hendrie and Dennis Sarriugarte.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Richardson, Chief Judge,[*] and Riggs, Judge.

RIGGS, J.

---

[*] Richardson, C. J., *vice* Durham, J.

## RIGGS, J.

Father appeals from an order increasing his child support payments. He challenges the court's jurisdiction to modify his support obligation.

In 1981, mother brought a paternity action against father. Father signed a stipulated order declaring that he "freely and voluntarily" admitted paternity and would pay child support and agreeing that the court would enter a decree to that effect. Although the judge signed, "It is so ordered" at the bottom of the stipulation, no decree was entered. In 1989, pursuant to *former* ORS 25.285 (repealed by Or Laws 1991, ch 519, § 8),[1] the Department of Human Resources (Department) moved to modify the child support order to bring it into compliance with the guidelines.

■      Father first contends that the court lacked jurisdiction to modify child support because the intended support decree was never entered. However, the court in 1981 had ordered that the parties' stipulation be carried out. *Former* ORS 25.285 authorized the Department to seek modifications of "support *orders.*"

■      Father also contends that the court lacked jurisdiction to modify support because his paternity has never been validly established. ORS 109.155(1) provides:

> "The court or the jury, in a private hearing, shall first determine the issue of paternity. If the respondent admits the paternity, such admission shall be reduced to writing, verified by the respondent and filed with the court. If the paternity is denied, corroborating evidence, in addition to the testimony of the parent or expectant parent, shall be required."

Father argues that his admission of paternity was not "verified" because he did not sign under oath. We agree. *State ex rel AFSD v. Buethe,* 307 Or 89, 93, 763 P2d 723 (1988) says:

---

[1] *Former* ORS 25.285 provided, in part:

"The Department of Human Resources shall establish rules concerning the review of support orders being enforced under ORS 25.080. * * * A proceeding to modify a support obligation based on a review provided for in this section shall not be initiated sooner than two years following the date on which the current support obligation became effective. The court shall not consider any issue in the proceeding other than whether the support obligation became effective and should be modified."

"ORS 109.155(1) reflects a legislative intent that a finding of paternity be made only when there is strong supporting evidence. The uncorroborated word of the mother, for example, is not enough. Similarly, when the putative father admits paternity, the legislature requires that admission to be in a clear, uncontrovertible form. No casual admission will do. *It must be in writing and under oath.*" (Emphasis supplied.)

■ ■ Nonetheless, the Department argues that father should be estopped from insisting, eight years after the fact, that his admission of paternity was insufficient. Judicial estoppel bars a party from asserting a position in a judicial proceeding that is inconsistent with one successfully asserted in an earlier judicial proceeding. *Caplener v. U.S. National Bank,* 317 Or 506, 518, 857 P2d 830 (1993); *Marshall v. Korpa,* 118 Or App 144, 148, 846 P2d 445, *rev den* 316 Or 528 (1993). Father admitted paternity in the earlier proceeding and agreed that the court could enter a decree to that effect. Although he has never contended that the admission was involuntary or untrue, he now takes the position that his admission is insufficient to support a judgment of paternity because he was not under oath when he signed the stipulation. The doctrine of judicial estoppel bars this inconsistent position.

Affirmed.