Argued and submitted June 30, affirmed November 16, 2005

STATE OF OREGON,
*Respondent,*

*v.*

MONTE CRAIG PORTER,
*Appellant.*

0002-42642; A120069

123 P3d 325

Mary-Shannon Storey, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozane, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Linder* and Schuman, Judges.

SCHUMAN, J.

---

* Linder, J., *vice* Richardson, S. J.

## SCHUMAN, J.

Defendant appeals his conviction for driving under the influence of intoxicants (DUII), ORS 813.010(1). To decide the merits of his appeal, we must determine the nature and effect of his acknowledgment, in a written agreement between him and the prosecution and in statements he made in court under oath, that he had driven while affected by alcohol at the time and place indicated in the citation. Defendant argues that the contents of the agreement and statements were merely evidentiary admissions that he was entitled to contest. The state characterizes them as stipulations with the effect of withdrawing the issues from dispute and thereby precluding defendant from offering contrary evidence. We agree with the state and affirm.

The following facts are undisputed. After driving his automobile into two parked cars on a small street in Multnomah County, defendant was charged with DUII and two counts of criminal mischief. Before trial, defendant and the state negotiated a plea agreement under which defendant agreed to plead guilty to one charge of criminal mischief; the state agreed to dismiss the other; defendant agreed to enter a DUII diversion program; and defendant agreed to stipulate to the elements of DUII. This last part of the agreement, a customary aspect of the prosecution's negotiated pleas when DUII is a "trailing charge" in a multicharge case, served to facilitate prosecution for DUII in the event that defendant did not successfully complete his diversion.

The plea agreement was negotiated by defendant's attorney and a deputy district attorney; defendant himself did not participate. However, the agreement was memorialized in a statement signed by defendant and containing the notation "Stip DUII." That abbreviation, according to the uncontradicted testimony, indicated that defendant stipulated to the elements of DUII. The statement also contained a "certificate of counsel" form signed by defendant's attorney and stating that the attorney had "explained alternatives and trial strategies to defendant," and that "[t]o the best of my knowledge, defendant's decision to enter this plea is made voluntarily, intelligently, and knowingly." Further, at defendant's change of plea hearing, the prosecutor announced,

without objection, that defendant "will stipulate to the elements of DUII." Immediately thereafter, defendant was sworn as a witness and engaged in the following colloquy with the prosecutor:

"[PROSECUTOR]: [Defendant], did you on February 7th of this year drive a vehicle?

"[DEFENDANT]: Yes, sir.

"[PROSECUTOR]: Did you drink alcohol before driving that vehicle?

"[DEFENDANT]: Yes, sir.

"[PROSECUTOR]: Did you feel the effects of intoxicants before you drove that vehicle?

"[DEFENDANT]: Yes, sir.

"[PROSECUTOR]: And while driving that vehicle under the effects of intoxicants, did you—did you—were you involved in a crash or accident with two parked cars?

"[DEFENDANT]: Yes, sir.

"[PROSECUTOR]: Your Honor, the State rests."

When defendant subsequently failed to comply with the terms of the diversion agreement, the state reactivated his DUII prosecution and a jury trial ensued. At that trial, defendant and the state disagreed about the legal effect of the written and oral statements made by defendant and his counsel at and before the plea hearing. Defendant characterized the statements as mere evidence against defendant that the state could use in presenting its case to the jury. Based on that premise, defendant indicated that he planned to produce evidence that, contrary to one of the stipulations, he was not impaired by alcohol at the time of the accident. The state, on the other hand, characterized the statements as legally binding stipulations regarding the elements of DUII. Based on that premise, the state argued that defendant was precluded from presenting any evidence contrary to the statements. The trial court agreed with the state that defendant stipulated to every element of DUII, and accepting what it construed as a binding judicial admission, the court instructed the jury, in part, as follows:

"In this case, to establish the crime of Driving while Under the Influence of Intoxicants[,] the State must prove * * * that while driving the vehicle the defendant was under the influence of intoxicants.

"Now, I have a stipulation. The State and the defense have agreed and stipulated that the following is true. * * * [W]hile driving, the defendant was under the effects of intoxicants.

"Now, the stipulation means that they both agree that the matters that I just stated were facts, and you may treat these facts as having been proven. And I have another instruction. Pursuant to the agreement between the State and the defense, the defendant agreed to be questioned by a representative of the State while under oath. The tape recording in evidence * * * is an accurate recording of that questioning. And the defendant is bound by his previous sworn testimony."

The jury, not surprisingly, returned a verdict of guilty.

On appeal, defendant renews the argument he made below: first, because the statements made at the plea hearing were nothing more than evidence that the state might offer at trial to prove its case, the trial court erred by refusing to permit defendant to present contrary evidence tending to show that he was not under the influence of intoxicants at the time of the accident; second, the trial court erred in failing to ensure that defendant voluntarily and knowingly waived his right to present his defense; third, the court erred in denying defendant's motion for a judgment of acquittal because the state's only evidence regarding intoxication was that defendant was "under the *effects* of intoxicants," and no reasonable juror could find, on that basis, that he was "under the *influence*" of intoxicants, or, in the alternative, that the only evidence was an uncorroborated confession; and fourth, the trial court erred in instructing the jurors that they had to regard the fact of defendant's intoxication as proven. We reject all of those assignments of error.

■■■ A stipulation is the functional equivalent of a judicial admission; indeed, the two terms are sometimes used interchangeably. *State v. Anderson*, 137 Or App 36, 42, 902 P2d 1206, *rev den*, 322 Or 362 (1995); *Kathrens and Kathrens*, 47

Or App 823, 827, 615 P2d 1079 (1980). However denominated, it is a statement by which one party waives the right to require the other party to prove a particular fact. *State v. Harris*, 339 Or 157, 173, 118 P3d 236 (2005). The effect of a stipulation depends on the intention of the party that makes it; that party must knowingly make the statement for the purpose of dispensing with the need for proof. *Johnson v. Northwest Acceptance*, 259 Or 1, 7, 485 P2d 12 (1971). The party attempting to use a stipulation has the burden of establishing that the party against whom it would be used intended to dispense with the need to prove the stipulated fact. *Id.* Once stipulated, a fact is conclusively proven, *State v. Ordonez-Villanueva*, 138 Or App 236, 244 n 8, 908 P2d 333 (1995), *rev den*, 322 Or 644 (1996), and can be withdrawn only for "fraud, mutual mistake or the actual absence of consent," *Murray v. Johnson*, 86 Or App 295, 297, 738 P2d 1005 (1987).

■■ Thus, a stipulation of fact for purposes of disposing with the state's need to prove an element of a crime does not relieve the state from the burden of proving that fact for purposes of sentencing. *Harris*, 339 Or at 172-73. A statement in opening argument that merely predicts what the evidence will show is not a stipulation, *Erwin v. Thomas*, 267 Or 311, 313, 516 P2d 1279 (1973), nor is a statement of ambiguous scope, *State v. Cargill*, 100 Or App 336, 341, 786 P2d 208 (1990), *aff'd*, 316 Or 492, 851 P2d 1141 (1993), nor a mere casual statement by one party in the absence of evidence that the statement resulted from a formal agreement between the parties that a fact need not be proved, *State v. Suggs*, 119 Or App 245, 248, 850 P2d 388, *rev den*, 317 Or 584 (1993).

■ What occurred here, on the other hand, clearly was intended to be, and was, a formal statement for the purpose of relieving the state of the need to prove facts. Defendant's assertion to the contrary is not persuasive. His statements were carefully orchestrated and formal, using universally understood terms of art, and were undeniably for the purpose of facilitating prosecution of defendant should he fail to complete his diversion. The stipulations occurred in writing and orally. Defendant signed an agreement, under advice of counsel, stating that he would "stip DUII," a notation that the

state explained (without contradiction) meant that defendant stipulated to all of the elements of DUII, including driving while under the influence of alcohol. That signed statement, again according to the uncontradicted evidence, was the result of plea negotiations between the state and defendant's attorney. In consideration for dismissing one charge of criminal mischief, defendant agreed to plead guilty to a second charge of criminal mischief and to stipulate to the elements of DUII in order to allow the state expeditiously to prosecute him for that crime if he did not successfully complete his diversion. Defendant's attorney certified that he had explained his strategy to defendant.

The written stipulation was supplemented at the change of plea hearing by the prosecutor's announcement, made without objection, that defendant was going to "stipulate to the elements of DUII." Demonstrating further abundance of caution, the prosecutor then elicited defendant's sworn statements confirming his stipulations. At no time did the prosecutor, the judge, or defense counsel use the term "admission," which might have created some ambiguity because it could refer to evidentiary admissions, which are not conclusive. *See Harris*, 339 Or at 173 n 10 (distinguishing between evidentiary and judicial admissions). The term used was "stipulation"; defendant points to no case, statute, treatise, or other source in support of the proposition that the word could mean anything other than an admission serving to obviate the need to prove a fact.

Defendant contends that, even if his attorney made intentional stipulations, they were not binding, because defendant himself did not understand their import and the trial court never explained it to him. As noted above, the record shows that defendant's attorney believed that defendant made a voluntary, intelligent, and knowing decision to accept all the terms of the plea agreement. Regardless, the critical inquiry here is not what defendant understood but what his attorney understood. "[A] judicial admission is one made by a party *or his attorney* for the purpose of dispensing with proof of a fact in issue." *Foxton v. Woodmansee*, 236 Or 271, 278, 386 P2d 659 (1964) (emphasis added). A stipulation by an attorney binds the attorney's client. ORS 9.330; *Financial*

*Indem. Co. v. Bevans*, 38 Or App 369, 373, 590 P2d 276 (1979).

■ Further, it is of no significance that the court did not engage in a colloquy with defendant to ensure that his acceptance of the plea, including the stipulation, was intelligent, knowing, and voluntary. Such a colloquy would have been required if defendant had pleaded guilty. ORS 135.385. It is not necessary, however, in a stipulated facts trial, because, in such circumstances, the trier of fact is "free to evaluate the evidence presented in the stipulated facts and determine guilt or innocence. This distinction is significant and is reflected in the fact that the statutes do not provide the additional protections for a defendant entering into a stipulated facts agreement." *Lyons v. Pearce*, 298 Or 569, 572, 694 P2d 978 (1985).[1] Thus, even if we were to agree with defendant that he did not fully comprehend the consequences of signing and orally confirming the stipulations, that would not help defendant in light of our conclusion that his attorney understood them.

■ Defendant next argues that, even if the stipulations were knowing and voluntary, they nonetheless did not amount to facts that would allow a jury to convict him. Principally, defendant argues that he stipulated, at most, to being "under the effects of intoxicants," while the DUII statute required the state to prove he was "under the influence" of intoxicants. That argument is unpersuasive for two reasons. First, it fails to address the written agreement by which defendant stipulated to the elements of DUII. Second, we can perceive no significant difference between the two locutions.

■ In the same assignment of error, defendant contends that his statements amounted to a confession and, that, because it was not corroborated by any other evidence, it was inadmissible under ORS 136.425(1). That being the case, defendant contends, there is no other evidence establishing the elements of DUII, so the trial court erred in not granting his motion for a judgment of acquittal. We are not persuaded.

---

[1] Although this was a case in which defendant stipulated to all of the elements of the crime, it was not, technically speaking, a stipulated facts trial so as to require that his waiver of a jury be in writing. ORS 136.001(2). That is because defendant did not, in fact, waive a jury trial; he was tried and convicted by a jury.

ORS 136.425(1) provides:

"A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in evidence against the defendant when it was made under the influence of fear produced by threats; nor is a confession only sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed."

In *State v. Manzella*, 306 Or 303, 314, 759 P2d 1078 (1988), the Supreme Court analyzed the statute and concluded that the legislature intended to require corroboration for confessions but not for admissions. The court then distinguished the two as follows:

"[I]t appears that statements made for some purpose other than to acknowledge guilt, *i.e.*, exculpatory statements or statements made as part of a person's employment duties, are not confessions. It follows, then, that a 'confession' must have been made after the commission of the crime in question, for the purpose of acknowledging that the speaker is guilty of some criminal offense. If, in the course of the confession, the accused admits one or more elements of the crime charged, the state must produce 'some other evidence' of that element."

*Id.* at 316. The court concluded that the defendant's statement to a police officer investigating an automobile accident that he knew he was driving in violation of his license restrictions was clearly a confession, but his subsequent statement to the same officer that he had been rear-ended by another car was not; it was not offered to acknowledge guilt but to help the officer in his investigation. *Id.*

We have examined the definition of confessions for purposes of the corroboration rule in several subsequent cases. In *State v. Anderson*, 103 Or App 436, 439, 797 P2d 1072 (1990), *rev den*, 311 Or 60 (1991), we held, "[I]n order to determine the *purpose* of a statement, we must ascertain the subjective intent of the speaker, not just the objective content of the statement." (Emphasis in original.) *Accord State v. Muzzy,* 190 Or App 306, 320, 79 P3d 324 (2003), *rev den*, 336 Or 422 (2004) (defendant's letter of apology to victim, written immediately after acknowledging participation in crime, was

confession). Thus, in the present case, defendant's subjective intention in acknowledging that he drove while under the "effects" of alcohol, although (as discussed above) not relevant to the issue of whether he can be bound by his attorney's stipulation, is relevant in determining whether the acknowledgment was a confession. Defendant testified that his intention in stating that he drove while under the effects of alcohol was not to acknowledge that he was guilty of DUII but to qualify for diversion. He further testified that he did not understand that his testimony would prohibit him from contesting his guilt. We therefore conclude that defendant's statements did not amount to a confession. For that reason, the statements were admissible without corroboration. Further, to the extent (if any) that the colloquy between defendant and the prosecutor could be considered a confession, it was corroborated by the written stipulation.

Finally, defendant argues that the court erred in instructing the jury that he had stipulated to the elements of DUII and that, in particular, he drove a motor vehicle "while under the influence of intoxicants." As our disposition of defendant's other assignments of error demonstrates, that instruction was not erroneous.

Affirmed.