782 April 10, 2024 No. 221

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AKIAZ MARQIEZ KING,
aka Akiaz Marquiez King, aka Akiaz M. Stewart,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR60460; A179565

Adrian L. Brown, Judge.

Submitted March 8, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a supplemental judgment imposing restitution. He was charged with reckless driving and third-degree escape stemming from an occasion on which he was riding his motorcycle. During the incident, defendant crashed into the side of a car being driven by J. Pursuant to a negotiated plea agreement, defendant pleaded guilty to the escape charge, and the state dismissed the reckless driving charge. The plea agreement also provided that defendant "[s]tipulate[d] to causation and liability for restitution." At a restitution hearing, the court imposed restitution for economic losses suffered by J. On appeal, defendant argues that the trial court plainly erred by imposing restitution for conduct that defendant had not pleaded guilty to or otherwise admitted. The state responds that the unpreserved error does not constitute plain error, defendant invited the error, and that in all events, we should not exercise our discretion to review it. We conclude that the trial court did not plainly err. We therefore affirm.

Defendant argues that restitution must be based on conduct that the defendant pleaded guilty to, or that he otherwise admitted. Because the reckless driving charge was dismissed and he did not expressly admit to the criminal conduct of reckless driving, defendant contends that there is not a sufficient factual basis to connect J's economic damages to the escape charge, and the charge that could have encompassed it, reckless driving, was dismissed. Among other responses, the state argues that defendant's stipulation amounted to an admission to the criminal conduct that led to J's economic damages.

Defendant disputes the effect of the stipulation in the plea agreement and disputes the effect of the multiple occasions on which the prosecutor referred in open court to defendant's stipulation to causation and liability for purposes of restitution. The state also notes that the prosecutor represented to the court that the parties had stipulated that J was a "victim" for purposes of restitution. At the change-of-plea hearing, defendant did not object to or dispute in any way the prosecutor's statements about the causation and liability stipulation and the stipulation that J was a

victim. Likewise, at the restitution hearing, the parties did not address causation or liability. Defendant disputed the amount of restitution, but never argued that he had not stipulated to those facts, or that the stipulation could not support the imposition of restitution, nor did he dispute that J was a victim.

We conclude that the trial court did not plainly err. It is not plain that defendant's stipulation did not constitute an admission that would permit imposition of restitution for J's economic damages. "A stipulation is the functional equivalent of a judicial admission; indeed, the two terms are sometimes used interchangeably. However denominated, it is a statement by which one party waives the right to require the other party to prove a particular fact." *State v. Porter*, 202 Or App 622, 626-27, 123 P3d 325, (2005) (citations omitted). "Once stipulated, a fact is conclusively proven and can be withdrawn only for fraud, mutual mistake or the actual absence of consent[.]" *Id.* (internal quotation marks and citations omitted). Defendant entered into the negotiated plea agreement in which one charge was dismissed and, with the advice of counsel, he signed the agreement containing the stipulation. Because a stipulation dispenses with the need to prove a fact, and once stipulated, the fact is "conclusively proven," it is not plain that a trial court would err if it treated the stipulation as having at least the same effect as an admission to the criminal conduct that led to the victim's damages.

Affirmed.